39

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan 

Southern Division

|  |  |  |
|---|---|---|
| Joseph Anthony Sikora | ) | Case:5:19-cv-12458 |
|  | ) | Judge: Levy, Judith E. |
|  | ) | MJ: Stafford, Elizabeth A. |
|  | ) | Filed: 08-21-2019 At 12:39 PM |
| *Plaintiff(s)* | ) | CMP SIKORA v FORD MOTOR COMPANY (sk |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |  |
| *please write "see attached" in the space and attach an additional* | ) |  |
| *page with the full list of names.)* | ) |  |
| **-v-** | ) |  |
|  | ) |  |
| Ford Motor Company | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| *Defendant(s)* | ) |  |
| *(Write the full name of each defendant who is being sued.  If the* | ) |  |
| *names of all the defendants cannot fit in the space above, please* |  |  |
| *write "see attached" in the space and attach an additional page* |  |  |
| *with the full list of names.)* |  |  |

## COMPLAINT AND REQUEST FOR INJUNCTION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Joseph Anthony Sikora |
| Street Address | 19615 Bethel Church Rd. |
| City and County | Manchester, Washtenaw County |
| State and Zip Code | Michigan , 48158 |
| Telephone Number | 517-554-0745 |
| E-mail Address | jajasikora@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Defendant No. 1

    Name                         Ford Motor Company

    Job or Title *(if known)*

    Street Address              1 American Rd.

    City and County          Dearborn, Wayne County

    State and Zip Code      Michigan, 48126

    Telephone Number      313-322-3000

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## II.  Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.  If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Constitution of the United States 4th Amendment 1789 (rev 1992) , 18 U.S.C. Chapter 63 Section 1341 , Reisman v. Caplin 375 U.S. 440 (1964)

### B.  If the Basis for Jurisdiction Is Diversity of Citizenship

1.  The Plaintiff(s)

   a.  If the plaintiff is an individual

      The plaintiff, *(name)* Joseph Anthony Sikora                    , is a citizen of the State of *(name)* Michigan                    .

   b.  If the plaintiff is a corporation

      The plaintiff, *(name)*                    , is incorporated under the laws of the State of *(name)*                    ,

      and has its principal place of business in the State of *(name)*

      .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.  The Defendant(s)

   a.  If the defendant is an individual

      The defendant, *(name)*                    , is a citizen of the State of *(name)*                    . Or is a citizen of *(foreign nation)*

b.     If the defendant is a corporation

The defendant, *(name)* <u>Ford Motor Company</u>, is incorporated under

the laws of the State of *(name)* <u>Michigan</u>, and has its

principal place of business in the State of *(name)* <u>Michigan</u>.

Or is incorporated under the laws of *(foreign nation)* <u> </u>,

and has its principal place of business in *(name)* <u> </u>.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Compulsory Distraint of Plantiff's Wages/Assets causing undo stress upon the ability to maintain a reasonable expectation of lifestyle

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.     Where did the events giving rise to your claim(s) occur?

Dearborn Truck Final Assembly Plant  3001 Miller Rd. Dearborn, Michigan 48120

B.     What date and approximate time did the events giving rise to your claim(s) occur?

January 6th 2019 to present

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

C.   What are the facts underlying your claim(s)?  *(For example: What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

The Plaintiff's employer (Ford Motor Company) changed the Plaintiff's W4 Tax Withholdings without permission from the Plaintiff or a signed court order from a judge of competent jurisdiction, attempts to correct the issue have been denied by the company (employer).

## IV.   Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

Plaintiff's reasonable expectations to maintain a household and contracts pursuant to said household are in immediate jeopardy due to the reduced income (wages/assets) after the Employer(defendant) Ford Motor Company modified the withholdings.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1. the W4 withholdings have not been corrected after several attempts by Plaintiff and are still being deducted from the Plaintiff's wages/assets. Stop the Compulsory Distraint of Plaintiff's Wages/Assets immediately /request for an immediate Injunction.
2. Immediately return the W4 withholdings Deductions to previous amount that was last signed by the Plaintiff.
3. return the Wages/Assets deducted under the modified contract compulsory to the Plaintiff, in the amount of approximately $850 a month from January 2019 until the case is resolved.
4. A punitive damage amount of $1.5 million dollars; to clear the household of any further contractual damages, remove the undo stress upon the Plaintiff, as this sum would be a potential earnings estimate for the remainder of Plaintiff's Career.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    August 21, 2019

Signature of Plaintiff    Joseph A. Sikora

Printed Name of Plaintiff    JOSEPH A. SIKORA

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

1 of 3

 **IRS** Department of the Treasury
Internal Revenue Service
PO Box 149338 St 5501
Austin TX 78714-9338

In reply refer to: 0866000000
Nov. 01, 2018 LTR 2800C W2
▬▬▬▬▬ 000000 00
00089124
BODC: NOBOD

EXB # 1

FORD MOTOR COMPANY
ONE AMERICAN ROAD STE 727E2
DEARBORN MI 48126-2701

043799

Employer identification number: 38-0549190
Employee: JOSEPH A SIKORA
Social security number: ▬▬▬▬▬▬
Form W-4

Dear FORD MOTOR COMPANY

NO EMPLOYER RESPONSE TO IRS REQUIRED

WHY WE ARE WRITING TO YOU

Our records show your employee, named above, may not be entitled to
claim exempt status or more than a specified number of withholding
allowances on Form W-4, Employee's Withholding Allowance Certificate.
Therefore, your employee was selected for the Withholding Compliance
Program. This is a "lock-in" letter that specifies the withholding
rate and maximum number of withholding allowances permitted for the
employee.

WHAT YOU NEED TO DO?

You must begin withholding income tax from this employee's wages based
on the following withholding rates and allowances effective on the
first pay period after Dec. 31, 2018:

Withholding rate (marital status): single
Withholding allowances: 0000

DON'T ADJUST WITHHOLDING PRIOR TO THE DATE SHOWN ABOVE

This time period will provide your employee with an opportunity to
dispute our determination before you adjust the withholding.

Don't honor any current or new Form W-4 from this employee UNLESS it
results in MORE income tax withheld than the withholding rate and
allowances listed above.

If the employee is working for you as of the date of this letter, you
must provide the employee the enclosed "Employee's Copy" within 10
business days of receipt. (This 10-day timeframe refers to the
employee's copy only. Please see the above effective date to start
withholding the new withholding rate and allowances for the employee.)
You can follow any reasonable business practice to furnish the

2 of 3

```
                                          0866000000
                        Nov. 01, 2018  LTR 2800C  W2
                   ██████████  000000 00
                                          00089125
```

FORD MOTOR COMPANY
ONE AMERICAN ROAD STE 727E2
DEARBORN MI  48126-2701

"Employee's Copy" to the employee.

                              For Internal Use Only ████████

If the employee named above isn't currently performing services for
you, you must still withhold based on this letter and give the
attached Employee's Copy of this letter to the employee if:

  - You will be paying wages subject to income tax withholding on or
    after the first pay period ending Dec. 31, 2018; OR
  - You reasonably expect the employee to resume services for you
    within twelve (12) months from the date of this letter; OR
  - The employee is on a bona fide leave of absence that doesn't
    exceed twelve (12) months; OR
  - The employee has a right to reemployment by law or under
    contract.

WHAT TO DO IF THE EMPLOYEE NO LONGER WORKS FOR YOU

No action is required at this time. If the employee returns to work
within twelve months, you must begin withholding income tax from the
employee's wages based on the withholding rate stated in this letter.

       THE LAW SUPPORT THESE ACTIONS

Internal Revenue Code (IRC) Section 3402 requires employers to
withhold federal income tax. Under section 31.3402(f)(2)-1(g)(2) of
the employment tax regulations, we may issue this letter to notify
you that your employee isn't entitled to claim exempt status or claim
more than the maximum number of withholding allowances shown above.

Under IRC Section 3403, every employer required to withhold federal
income tax is liable for the payment of such tax. If you don't
withhold federal income tax from your employee as instructed in this
letter, you will be liable for paying the additional tax required to
be withheld.

IRC Section 3403 also states that the employer shall not be liable
to any person for the amount of any such payment. Thus, your employee
doesn't have a "cause of action" (basis for legal action) against
you to recover the amount of income tax withheld and/or prevent you
from withholding the amount directed by IRS.

3 of 3

0866000000
Nov. 01, 2018   LTR 2800C   W2
███████████   000000 00
00089126

FORD MOTOR COMPANY
ONE AMERICAN ROAD STE 727E2
DEARBORN  MI  48126-2701



For Internal Use Only 

043799

WHERE YOU CAN FIND ADDITIONAL INFORMATION

- Visit our website at www.irs.gov and search keyword "withholding
  compliance."
- Publication 15 (Circular E), Employer's Tax Guide
- Publication 51 (Circular A), Agricultural Employer's Tax Guide.
- For tax forms, instructions and publications, visit www.irs.gov or
  call 1-800-TAX-FORM (1-800-829-3676).

- AGAIN, NO EMPLOYER RESPONSE TO IRS REQUIRED

HOWEVER, IF YOU NEED TO CONTACT THE WITHHOLDING COMPLIANCE UNIT

You can contact the Withholding Compliance unit by:

- Calling 1-855-839-2235          weekdays between 8 a.m. and
  5 p.m.; or
- Sending a fax to 855-202-8300; or
- Writing to the address listed below:

      Internal Revenue Service
      Campus Collection, Andover
      Withholding Compliance Unit
      310 Lowell Street, Stop 837
      Andover, MA 01810

If you contact us, give us your telephone number with the hours
we can reach you in case we need more information.

Keep a copy of this letter for your records.

EXB # 2



VERIFY NAME,TAX ENTITIES,FILING STATUS ARE CORRECT FOR 2018 W-2 REPORTING. NAME
ON PAYSTUB SHOULD MATCH SOCIAL SECURITY RECORDS.SEE YOUR PAYROLL COORDINATOR FOR
CHANGES.IN JANUARY 2019,W-2S WILL BE MAILED TO ADDRESS OF RECORD AS OF 12/16/18.

1 of 4

Ford Motor Company
One American Road
Dearborn, MI 48126

STATEMENT OF EARNINGS AND DEDUCTIONS        CHECK NUMBER : 57616621

| SOC. SEC. NUMBER | NAME SIKORA,JOSEPH A | | LOCATION / DEPT NO 1800    5750 | | START PAY 2019-01-07 | PAY ENDING 2019-01-13 |
|---|---|---|---|---|---|---|
| EARNINGS / ADJUSTMENTS | | | DEDUCTIONS / REFUNDS | | | REM BAL / MISC CODES |
| DESCRIPTION | HOURS | AMOUNT | DESCRIPTION | AMOUNT | YTD | |
| STRAIGHT TIME | 34.50 | 1201.98 | FICA | 91.09 | 641.69 | |
| OVERTIME PREM | 7.25 | 252.59 | MEDICARE | 21.30 | 150.07 | |
| SEVEN DAY | | 14.61 | FEDERAL | 214.28 | 1997.96 | S 00 |
| TOTAL GROSS | | 1469.18 | MICHIGAN | 56.29 | 420.74 | 01 |
| | | | UNION DUES | | 87.10 | |
| TESPHE PRE-TAX | | 60.10 | DIRECT DEPOSIT | 1026.12 | | |
| ADJ TAXABLE GROSS | | 1409.08 | TOTAL DEDUCTIONS | 1409.08 | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| SUB WEEK BALANCE | | 26.00 | | | | |
| FAMILY DAY HOURS AVAIL | | 24.00 | | | | |
| FAMILY DAY HOURS TAKEN | | 0.00 | | | | |
| YTD PRETAX SSIP/TESP | | 211.65 | | | | |
| YTD FEDERAL W2 GROSS | | 10138.13 | NET PAY | 0.00 | | |

FOR DEPOSIT ON  01-18-2019

INSURANCE CODE - XX

| VACATION BALANCES | | HOURLY RATES | |
|---|---|---|---|
| DESCRIPTION | HOURS | DESCRIPTION | AMOUNT |
| REGULAR PAID | 6 | BASE | 34.840 |
| EXC ABS PAID | 7 | WAGE PRG CTR | 156.000 |
| PRORATA PAID | 0 | | |
| REGULAR DUE    D | 74 | | |
| EXC ABS DUE | 33 | | |



VERIFY NAME,TAX ENTITIES,FILING STATUS ARE CORRECT FOR 2018 W-2 REPORTING. NAME ON PAYSTUB SHOULD MATCH SOCIAL SECURITY RECORDS.SEE YOUR PAYROLL COORDINATOR FOR CHANGES.IN JANUARY 2019,W-2S WILL BE MAILED TO ADDRESS OF RECORD AS OF 12/16/18.

2 of 4

Ford Motor Company
One American Road
Dearborn, MI 48126

STATEMENT OF EARNINGS AND DEDUCTIONS

CHECK NUMBER : 57538826

| SOC. SEC. NUMBER | NAME SIKORA,JOSEPH A | | LOCATION / DEPT NO 1800    5750 | | START PAY 2018-12-31 | PAY ENDING 2019-01-06 |
|---|---|---|---|---|---|---|
| EARNINGS / ADJUSTMENTS | | | DEDUCTIONS / REFUNDS | | | REM BAL / MISC CODES |
| DESCRIPTION | HOURS | AMOUNT | DESCRIPTION | AMOUNT | YTD | |
| STRAIGHT TIME | 39.00 | 1358.76 | FICA | 173.45 | 550.60 | |
| OVERTIME PREM | 17.50 | 609.70 | MEDICARE | 40.57 | 128.77 | |
| HOLIDAY | 23.00 | 809.37 | FEDERAL | 525.14 | 1783.68 | S 00 |
| SEVEN DAY | | 19.78 | MICHIGAN | 112.67 | 364.45 | 01 |
| TOTAL GROSS | | 2797.61 | UNION DUES | 87.10 | 87.10 | |
| | | | DIRECT DEPOSIT | 1789.00 | | |
| TESPHE PRE-TAX | | 69.68 | TOTAL DEDUCTIONS | 2727.93 | | |
| ADJ TAXABLE GROSS | | 2727.93 | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| SUB WEEK BALANCE | | 26.00 | | | | |
| FAMILY DAY HOURS AVAIL | | 24.00 | | | | |
| FAMILY DAY HOURS TAKEN | | 0.00 | | | | |
| YTD PRETAX SSIP/TESP | | 151.55 | | | | |
| YTD FEDERAL W2 GROSS | | 8729.05 | NET PAY | 0.00 | | |

FOR DEPOSIT ON  01-11-2019

INSURANCE CODE - XX

| VACATION BALANCES | | HOURLY RATES | |
|---|---|---|---|
| DESCRIPTION | HOURS | DESCRIPTION | AMOUNT |
| REGULAR PAID | 6 | BASE | 34.840 |
| EXC ABS PAID | 7 | WAGE PRG CTR | 156.000 |
| PRORATA PAID | 0 | | |
| REGULAR DUE    D | 74 | | |
| EXC ABS DUE | 33 | | |



VERIFY NAME,TAX ENTITIES,FILING STATUS ARE CORRECT FOR 2018 W-2 REPORTING. NAME ON PAYSTUB SHOULD MATCH SOCIAL SECURITY RECORDS.SEE YOUR PAYROLL COORDINATOR FOR CHANGES.IN JANUARY 2019,W-2S WILL BE MAILED TO ADDRESS OF RECORD AS OF 12/16/18.

3 of 4

Ford Motor Company
One American Road
Dearborn, MI 48126

STATEMENT OF EARNINGS AND DEDUCTIONS     CHECK NUMBER : 57481884

| SOC. SEC. NUMBER | NAME SIKORA,JOSEPH A | | LOCATION / DEPT NO 1800    5750 | | START PAY 2018-12-24 | PAY ENDING 2018-12-30 |
|---|---|---|---|---|---|---|
| EARNINGS / ADJUSTMENTS | | | DEDUCTIONS / REFUNDS | | | REM BAL / MISC CODES |
| DESCRIPTION | HOURS | AMOUNT | DESCRIPTION | AMOUNT | YTD | |
| STRAIGHT TIME | 67.00 | 2334.28 | FICA | 377.15 | 377.15 | |
| OVERTIME PREM | 55.00 | 1916.20 | MEDICARE | 88.20 | 88.20 | |
| SHIFT PREMIUM | 3.90 | 135.88 | FEDERAL | 1258.54 | 1258.54 | S 12 |
| HOLIDAY | 40.00 | 1407.60 | MICHIGAN | 251.78 | 251.78 | 01 |
| SEVEN DAY | | 42.70 | DIRECT DEPOSIT | 4025.45 | | |
| EXCUSED ABS. | 7.00 | 246.33 | TOTAL DEDUCTIONS | 6001.12 | | |
| TOTAL GROSS | | 6082.99 | | | | |
| | | | | | | |
| TESPHE PRE-TAX | | 81.87 | | | | |
| ADJ TAXABLE GROSS | | 6001.12 | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| SUB WEEK BALANCE | | 26.00 | | | | |
| FAMILY DAY HOURS AVAIL | | 24.00 | | | | |
| FAMILY DAY HOURS TAKEN | | 0.00 | | | | |
| YTD PRETAX SSIP/TESP | | 81.87 | | | | |
| YTD FEDERAL W2 GROSS | | 6001.12 | NET PAY | 0.00 | | |

FOR DEPOSIT ON  01-04-2019

INSURANCE CODE - XX

| VACATION BALANCES | | HOURLY RATES | |
|---|---|---|---|
| DESCRIPTION | HOURS | DESCRIPTION | AMOUNT |
| REGULAR PAID | 6 | BASE | 34.840 |
| EXC ABS PAID | 7 | WAGE PRG CTR | 156.000 |
| PRORATA PAID | 0 | | |
| REGULAR DUE    D | 74 | | |
| EXC ABS DUE | 33 | | |



VERIFY NAME,TAX ENTITIES,FILING STATUS ARE CORRECT FOR 2018 W-2 REPORTING. NAME ON PAYSTUB SHOULD MATCH SOCIAL SECURITY RECORDS.SEE YOUR PAYROLL COORDINATOR FOR CHANGES.IN JANUARY 2019,W-2S WILL BE MAILED TO ADDRESS OF RECORD AS OF 12/16/18.

4 of 4

Ford Motor Company
One American Road
Dearborn, MI 48126

STATEMENT OF EARNINGS AND DEDUCTIONS          CHECK NUMBER : 57428150

| SOC. SEC. NUMBER | NAME SIKORA,JOSEPH A | | LOCATION / DEPT NO 1800   5750 | | START PAY 2018-12-17 | PAY ENDING 2018-12-23 |
|---|---|---|---|---|---|---|

| EARNINGS / ADJUSTMENTS | | | DEDUCTIONS / REFUNDS | | | REM BAL / MISC CODES |
|---|---|---|---|---|---|---|
| DESCRIPTION | HOURS | AMOUNT | DESCRIPTION | AMOUNT | YTD | |
| STRAIGHT TIME | 57.50 | 2003.30 | FICA | 157.09 | 6675.33 | |
| OVERTIME PREM | 14.50 | 505.18 | MEDICARE | 36.74 | 1561.17 | |
| SEVEN DAY | | 25.20 | FEDERAL | 237.65 | 8566.27 | S 12 |
| TOTAL GROSS | | 2533.68 | MICHIGAN | 101.45 | 4279.43 | 01 |
| | | | UNION DUES | | 1227.46 | |
| TESPHE PRE-TAX | | 69.68 | DIRECT DEPOSIT | 1931.07 | | |
| ADJ TAXABLE GROSS | | 2464.00 | TOTAL DEDUCTIONS | 2464.00 | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| SUB WEEK BALANCE | | 26.00 | | | | |
| FAMILY DAY HOURS AVAIL | | 24.00 | | | | |
| FAMILY DAY HOURS TAKEN | | 0.00 | | | | |
| YTD PRETAX SSIP/TESP | | 2976.29 | | | | |
| YTD FEDERAL W2 GROSS | | 104690.29 | NET PAY | | 0.00 | |

FOR DEPOSIT ON  12-28-2018

INSURANCE CODE - XX

| VACATION BALANCES | | HOURLY RATES | |
|---|---|---|---|
| DESCRIPTION | HOURS | DESCRIPTION | AMOUNT |
| REGULAR PAID | 6 | BASE | 34.840 |
| EXC ABS PAID | 0 | WAGE PRG CTR | 156.000 |
| PRORATA PAID | 0 | | |
| REGULAR DUE     D | 74 | | |
| EXC ABS DUE | 40 | | |

EX B#3

**Sikora, Joseph (J.A.)**

1 of 1

| | |
|---|---|
| **From:** | Deducts, P (P.) |
| **Sent:** | Monday, August 12, 2019 5:07 AM |
| **To:** | Sikora, Joseph (J.A.) |
| **Subject:** | FW: Federal Withholding Change |
| **Attachments:** | IRS Letter for Sikora.pdf |

Good Morning,
Please find the below request from our payroll specialist.

"Hello Mr. Sikora – Please refer to the attached letter from the IRS. The IRS gave us the directive for changing your tax status The W4 form was not used to change your tax status. As mentioned previously, this issue is between you and the IRS, not Ford Motor Company. Please give the IRS a call at (855) 839-2235"

Thank you.
-------------------------------------------------------------------------------------------------------------------------
CLEMENT ELISHA . S
US Payroll Analyst
Email: pdeducts@ford.com
Ford Net: 44285

**Confidentiality Note**: This electronic message contains information which may be confidential, legally privileged or otherwise protected from disclosure. This information is intended for the use of the addressee only. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, printing or any other use or any action in reliance of this electronic message is strictly prohibited. If you have received this communication in error, please notify the sender and destroy the original message.

**Security Caveat**: Please be aware that your response to this specific email may not be secure. Do not use Internet browser associated email to send us communications which contain unencrypted confidential information (such as Bank account numbers, Credit card numbers or Social security numbers) as the integrity and security of the message cannot be guaranteed over the internet. If this type of information is contained in your email, it must be submitted using a secure format. Repeated failure to send confidential or sensitive information without encryption may result in rejection.
-------------------------------------------------------------------------------------------------------------------------

**From:** Sikora, Joseph (J.A.)
**Sent:** Thursday, August 01, 2019 1:04 PM
**To:** Deducts, P (P.) <pdeducts@ford.com>
**Subject:** RE: Federal Withholding Change

Elisha, what is the status to my inquiry relating to my withholdings being changed without my permission ?

**From:** Deducts, P (P.) <pdeducts@ford.com>
**Sent:** Wednesday, June 19, 2019 11:34 AM
**To:** Sikora, Joseph (J.A.) <JSIKORA4@ford.com>
**Subject:** RE: Federal Withholding Change

Hello,

We have forwarded your query to our specialist. We request you to allow additional 2-3 business day for them to research on the same and provide you the needed clarification and assistance in this regard.

Thank you.
-------------------------------------------------------------------------------------------------------------------------
CLEMENT ELISHA . S
US Payroll Analyst



---

**26 USC 3402: Income tax collected at source**
Text contains those laws in effect on August 11, 2019

**From Title 26-INTERNAL REVENUE CODE**
    Subtitle C-Employment Taxes
    CHAPTER 24-COLLECTION OF INCOME TAX AT SOURCE ON WAGES
**Jump To:**
    <u>Source Credit</u>
    <u>References In Text</u>
    <u>Amendments</u>
    <u>Effective Date</u>
    <u>Savings Provision</u>
    <u>Miscellaneous</u>
    <u>Termination Date</u>

---

## §3402. Income tax collected at source

### (a) Requirement of withholding

**(1) In general**

Except as otherwise provided in this section, every employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures prescribed by the Secretary. Any tables or procedures prescribed under this paragraph shall—

    (A) apply with respect to the amount of wages paid during such periods as the Secretary may prescribe, and

    (B) be in such form, and provide for such amounts to be deducted and withheld, as the Secretary determines to be most appropriate to carry out the purposes of this chapter and to reflect the provisions of chapter 1 applicable to such periods.

**(2) Amount of wages**

For purposes of applying tables or procedures prescribed under paragraph (1), the term "the amount of wages" means the amount by which the wages exceed the taxpayer's withholding allowance, prorated to the payroll period.

### (b) Percentage method of withholding

(1) If wages are paid with respect to a period which is not a payroll period, the withholding allowance allowable with respect to each payment of such wages shall be the allowance allowed for a miscellaneous payroll period containing a number of days (including Sundays and holidays) equal to the number of days in the period with respect to which such wages are paid.

(2) In any case in which wages are paid by an employer without regard to any payroll period or other period, the withholding allowance allowable with respect to each payment of such wages shall be the allowance allowed for a miscellaneous payroll period containing a number of days equal to the number of days (including Sundays and holidays) which have elapsed since the date of the last payment of such wages by such employer during the calendar year, or the date of commencement of employment with such employer during such year, or January 1 of such year, whichever is the later.

(3) In any case in which the period, or the time described in paragraph (2), in respect of any wages is less than one week, the Secretary, under regulations prescribed by him, may authorize an employer to compute the tax to be deducted and withheld as if the aggregate of the wages paid to the employee during the calendar week were paid for a weekly payroll period.

(4) In determining the amount to be deducted and withheld under this subsection, the wages may, at the election of the employer, be computed to the nearest dollar.

### (c) Wage bracket withholding

(1) At the election of the employer with respect to any employee, the employer shall deduct and withhold upon the wages paid to such employee a tax (in lieu of the tax required to be deducted and withheld under subsection (a)) determined in accordance with tables prescribed by the Secretary in accordance with paragraph (6).

(2) If wages are paid with respect to a period which is not a payroll period, the amount to be deducted and withheld shall be that applicable in the case of a miscellaneous payroll period containing a number of days

(including Sundays and holidays) equal to the number of days in the period with respect to which such wages are paid.

(3) In any case in which wages are paid by an employer without regard to any payroll period or other period, the amount to be deducted and withheld shall be that applicable in the case of a miscellaneous payroll period containing a number of days equal to the number of days (including Sundays and holidays) which have elapsed since the date of the last payment of such wages by such employer during the calendar year, or the date of commencement of employment with such employer during such year, or January 1 of such year, whichever is the later.

(4) In any case in which the period, or the time described in paragraph (3), in respect of any wages is less than one week, the Secretary, under regulations prescribed by him, may authorize an employer to determine the amount to be deducted and withheld under the tables applicable in the case of a weekly payroll period, in which case the aggregate of the wages paid to the employee during the calendar week shall be considered the weekly wages.

(5) If the wages exceed the highest wage bracket, in determining the amount to be deducted and withheld under this subsection, the wages may, at the election of the employer, be computed to the nearest dollar.

(6) In the case of wages paid after December 31, 1969, the amount deducted and withheld under paragraph (1) shall be determined in accordance with tables prescribed by the Secretary. In the tables so prescribed, the amounts set forth as amounts of wages and amounts of income tax to be deducted and withheld shall be computed on the basis of the table for an annual payroll period prescribed pursuant to subsection (a).

**(d) Tax paid by recipient**

If the employer, in violation of the provisions of this chapter, fails to deduct and withhold the tax under this chapter, and thereafter the tax against which such tax may be credited is paid, the tax so required to be deducted and withheld shall not be collected from the employer; but this subsection shall in no case relieve the employer from liability for any penalties or additions to the tax otherwise applicable in respect of such failure to deduct and withhold.

**(e) Included and excluded wages**

If the remuneration paid by an employer to an employee for services performed during one-half or more of any payroll period of not more than 31 consecutive days constitutes wages, all the remuneration paid by such employer to such employee for such period shall be deemed to be wages; but if the remuneration paid by an employer to an employee for services performed during more than one-half of any such payroll period does not constitute wages, then none of the remuneration paid by such employer to such employee for such period shall be deemed to be wages.

**(f) Withholding allowance**

**(1) In general**

Under rules determined by the Secretary, an employee receiving wages shall on any day be entitled to a withholding allowance determined based on-

(A) whether the employee is an individual for whom a deduction is allowable with respect to another taxpayer under section 151;

(B) if the employee is married, whether the employee's spouse is entitled to an allowance, or would be so entitled if such spouse were an employee receiving wages, under subparagraph (A) or (D), but only if such spouse does not have in effect a withholding allowance certificate claiming such allowance;

(C) the number of individuals with respect to whom, on the basis of facts existing at the beginning of such day, there may reasonably be expected to be allowable a credit under section 24(a) for the taxable year under subtitle A in respect of which amounts deducted and withheld under this chapter in the calendar year in which such day falls are allowed as a credit;

(D) any additional amounts to which the employee elects to take into account under subsection (m), but only if the employee's spouse does not have in effect a withholding allowance certificate making such an election;

(E) the standard deduction allowable to such employee (one-half of such standard deduction in the case of an employee who is married (as determined under section 7703) and whose spouse is an employee receiving wages subject to withholding); and

(F) whether the employee has withholding allowance certificates in effect with respect to more than 1 employer.

**(2) Allowance certificates**

**(A) On commencement of employment**

On or before the date of the commencement of employment with an employer, the employee shall

furnish the employer with a signed withholding allowance certificate relating to the withholding allowance claimed by the employee, which shall in no event exceed the amount to which the employee is entitled.

**(B) Change of status**

If, on any day during the calendar year, an employee's withholding allowance is in excess of the withholding allowance to which the employee would be entitled had the employee submitted a true and accurate withholding allowance certificate to the employer on that day, the employee shall within 10 days thereafter furnish the employer with a new withholding allowance certificate. If, on any day during the calendar year, an employee's withholding allowance is greater than the withholding allowance claimed, the employee may furnish the employer with a new withholding allowance certificate relating to the withholding allowance to which the employee is so entitled, which shall in no event exceed the amount to which the employee is entitled on such day.

**(C) Change of status which affects next calendar year**

If on any day during the calendar year the withholding allowance to which the employee will be, or may reasonably be expected to be, entitled at the beginning of the employee's next taxable year under subtitle A is different from the allowance to which the employee is entitled on such day, the employee shall, in such cases and at such times as the Secretary shall by regulations prescribe, furnish the employer with a withholding allowance certificate relating to the withholding allowance which the employee claims with respect to such next taxable year, which shall in no event exceed the withholding allowance to which the employee will be, or may reasonably be expected to be, so entitled.

**(3) When certificate takes effect**

**(A) First certificate furnished**

A withholding allowance certificate furnished the employer in cases in which no previous such certificate is in effect shall take effect as of the beginning of the first payroll period ending, or the first payment of wages made without regard to a payroll period, on or after the date on which such certificate is so furnished.

**(B) Furnished to take place of existing certificate**

**(i) In general**

Except as provided in clauses (ii) and (iii), a withholding allowance certificate furnished to the employer in cases in which a previous such certificate is in effect shall take effect as of the beginning of the 1st payroll period ending (or the 1st payment of wages made without regard to a payroll period) on or after the 30th day after the day on which such certificate is so furnished.

**(ii) Employer may elect earlier effective date**

At the election of the employer, a certificate described in clause (i) may be made effective beginning with any payment of wages made on or after the day on which the certificate is so furnished and before the 30th day referred to in clause (i).

**(iii) Change of status which affects next year**

Any certificate furnished pursuant to paragraph (2)(C) shall not take effect, and may not be made effective, with respect to any payment of wages made in the calendar year in which the certificate is furnished.

**(4) Period during which certificate remains in effect**

A withholding allowance certificate which takes effect under this subsection, or which on December 31, 1954, was in effect under the corresponding subsection of prior law, shall continue in effect with respect to the employer until another such certificate takes effect under this subsection.

**(5) Form and contents of certificate**

Withholding allowance certificates shall be in such form and contain such information as the Secretary may by regulations prescribe.

**(6) Exemption of certain nonresident aliens**

Notwithstanding the provisions of paragraph (1), a nonresident alien individual (other than an individual described in section 3401(a)(6)(A) or (B) [1] ) shall be entitled to only one withholding exemption.

**(7) Allowance where certificate with another employer is in effect**

If a withholding allowance certificate is in effect with respect to one employer, an employee shall not be entitled under a certificate in effect with any other employer to any withholding allowance which he has

claimed under such first certificate.

**(g) Overlapping pay periods, and payment by agent or fiduciary**

If a payment of wages is made to an employee by an employer-

    (1) with respect to a payroll period or other period, any part of which is included in a payroll period or other period with respect to which wages are also paid to such employee by such employer, or

    (2) without regard to any payroll period or other period, but on or prior to the expiration of a payroll period or other period with respect to which wages are also paid to such employee by such employer, or

    (3) with respect to a period beginning in one and ending in another calendar year, or

    (4) through an agent, fiduciary, or other person who also has the control, receipt, custody, or disposal of, or pays, the wages payable by another employer to such employee,

the manner of withholding and the amount to be deducted and withheld under this chapter shall be determined in accordance with regulations prescribed by the Secretary under which the withholding allowance allowed to the employee in any calendar year shall approximate the withholding allowance allowable with respect to an annual payroll period.

**(h) Alternative methods of computing amount to be withheld**

The Secretary may, under regulations prescribed by him, authorize-

**(1) Withholding on basis of average wages**

An employer-

    (A) to estimate the wages which will be paid to any employee in any quarter of the calendar year,

    (B) to determine the amount to be deducted and withheld upon each payment of wages to such employee during such quarter as if the appropriate average of the wages so estimated constituted the actual wages paid, and

    (C) to deduct and withhold upon any payment of wages to such employee during such quarter (and, in the case of tips referred to in subsection (k), within 30 days thereafter) such amount as may be necessary to adjust the amount actually deducted and withheld upon the wages of such employee during such quarter to the amount required to be deducted and withheld during such quarter without regard to this subsection.

**(2) Withholding on basis of annualized wages**

An employer to determine the amount of tax to be deducted and withheld upon a payment of wages to an employee for a payroll period by-

    (A) multiplying the amount of an employee's wages for a payroll period by the number of such payroll periods in the calendar year,

    (B) determining the amount of tax which would be required to be deducted and withheld upon the amount determined under subparagraph (A) if such amount constituted the actual wages for the calendar year and the payroll period of the employee were an annual payroll period, and

    (C) dividing the amount of tax determined under subparagraph (B) by the number of payroll periods (described in subparagraph (A)) in the calendar year.

**(3) Withholding on basis of cumulative wages**

An employer, in the case of any employee who requests to have the amount of tax to be withheld from his wages computed on the basis of his cumulative wages, to-

    (A) add the amount of the wages to be paid to the employee for the payroll period to the total amount of wages paid by the employer to the employee during the calendar year,

    (B) divide the aggregate amount of wages computed under subparagraph (A) by the number of payroll periods to which such aggregate amount of wages relates,

    (C) compute the total amount of tax that would have been required to be deducted and withheld under subsection (a) if the average amount of wages (as computed under subparagraph (B)) had been paid to the employee for the number of payroll periods to which the aggregate amount of wages (computed under subparagraph (A)) relates,

    (D) determine the excess, if any, of the amount of tax computed under subparagraph (C) over the total amount of tax deducted and withheld by the employer from wages paid to the employee during the calendar year, and

    (E) deduct and withhold upon the payment of wages (referred to in subparagraph (A)) to the employee an amount equal to the excess (if any) computed under subparagraph (D).

**(4) Other methods**

An employer to determine the amount of tax to be deducted and withheld upon the wages paid to an employee by any other method which will require the employer to deduct and withhold upon such wages

substantially the same amount as would be required to be deducted and withheld by applying subsection (a) or (c), either with respect to a payroll period or with respect to the entire taxable year.

## (i) Changes in withholding

### (1) In general

The Secretary may by regulations provide for increases in the amount of withholding otherwise required under this section in cases where the employee requests such changes.

### (2) Treatment as tax

Any increased withholding under paragraph (1) shall for all purposes be considered tax required to be deducted and withheld under this chapter.

## (j) Noncash remuneration to retail commission salesman

In the case of remuneration paid in any medium other than cash for services performed by an individual as a retail salesman for a person, where the service performed by such individual for such person is ordinarily performed for remuneration solely by way of cash commission an employer shall not be required to deduct or withhold any tax under this subchapter with respect to such remuneration, provided that such employer files with the Secretary such information with respect to such remuneration as the Secretary may by regulation prescribe.

## (k) Tips

In the case of tips which constitute wages, subsection (a) shall be applicable only to such tips as are included in a written statement furnished to the employer pursuant to section 6053(a), and only to the extent that the tax can be deducted and withheld by the employer, at or after the time such statement is so furnished and before the close of the calendar year in which such statement is furnished, from such wages of the employee (excluding tips, but including funds turned over by the employee to the employer for the purpose of such deduction and withholding) as are under the control of the employer; and an employer who is furnished by an employee a written statement of tips (received in a calendar month) pursuant to section 6053(a) to which paragraph (16)(B) of section 3401(a) is applicable may deduct and withhold the tax with respect to such tips from any wages of the employee (excluding tips) under his control, even though at the time such statement is furnished the total amount of the tips included in statements furnished to the employer as having been received by the employee in such calendar month in the course of his employment by such employer is less than $20. Such tax shall not at any time be deducted and withheld in an amount which exceeds the aggregate of such wages and funds (including funds turned over under section 3102(c)(2) or section 3202(c)(2)) minus any tax required by section 3102(a) or section 3202(a) to be collected from such wages and funds.

## (l) Determination and disclosure of marital status

### (1) Determination of status by employer

For purposes of applying the tables in subsections (a) and (c) to a payment of wages, the employer shall treat the employee as a single person unless there is in effect with respect to such payment of wages a withholding allowance certificate furnished to the employer by the employee after the date of the enactment of this subsection indicating that the employee is married.

### (2) Disclosure of status by employee

An employee shall be entitled to furnish the employer with a withholding allowance certificate indicating he is married only if, on the day of such furnishing, he is married (determined with the application of the rules in paragraph (3)). An employee whose marital status changes from married to single shall, at such time as the Secretary may by regulations prescribe, furnish the employer with a new withholding allowance certificate.

### (3) Determination of marital status

For purposes of paragraph (2), an employee shall on any day be considered-
   (A) as not married, if (i) he is legally separated from his spouse under a decree of divorce or separate maintenance, or (ii) either he or his spouse is, or on any preceding day within the calendar year was, a nonresident alien; or
   (B) as married, if (i) his spouse (other than a spouse referred to in subparagraph (A)) died within the portion of his taxable year which precedes such day, or (ii) his spouse died during one of the two taxable years immediately preceding the current taxable year and, on the basis of facts existing at the beginning of such day, the employee reasonably expects, at the close of his taxable year, to be a surviving spouse (as defined in section 2(a)).

**(m) Withholding allowances**

Under regulations prescribed by the Secretary, an employee shall be entitled to an additional withholding allowance or additional reductions in withholding under this subsection. In determining the additional withholding allowance or the amount of additional reductions in withholding under this subsection, the employee may take into account (to the extent and in the manner provided by such regulations)-

(1) estimated itemized deductions allowable under chapter 1 and the estimated deduction allowed under section 199A (other than the deductions referred to in section 151 and other than the deductions required to be taken into account in determining adjusted gross income under section 62(a)),

(2) estimated tax credits allowable under chapter 1, and

(3) such additional deductions (including the additional standard deduction under section 63(c)(3) for the aged and blind) and other items as may be specified by the Secretary in regulations.

**(n) Employees incurring no income tax liability**

Notwithstanding any other provision of this section, an employer shall not be required to deduct and withhold any tax under this chapter upon a payment of wages to an employee if there is in effect with respect to such payment a withholding allowance certificate (in such form and containing such other information as the Secretary may prescribe) furnished to the employer by the employee certifying that the employee-

(1) incurred no liability for income tax imposed under subtitle A for his preceding taxable year, and

(2) anticipates that he will incur no liability for income tax imposed under subtitle A for his current taxable year.

The Secretary shall by regulations provide for the coordination of the provisions of this subsection with the provisions of subsection (f).

**(o) Extension of withholding to certain payments other than wages**

**(1) General rule**

For purposes of this chapter (and so much of subtitle F as relates to this chapter)-

(A) any supplemental unemployment compensation benefit paid to an individual,

(B) any payment of an annuity to an individual, if at the time the payment is made a request that such annuity be subject to withholding under this chapter is in effect, and

(C) any payment to an individual of sick pay which does not constitute wages (determined without regard to this subsection), if at the time the payment is made a request that such sick pay be subject to withholding under this chapter is in effect,

shall be treated as if it were a payment of wages by an employer to an employee for a payroll period.

**(2) Definitions**

**(A) Supplemental unemployment compensation benefits**

For purposes of paragraph (1), the term "supplemental unemployment compensation benefits" means amounts which are paid to an employee, pursuant to a plan to which the employer is a party, because of an employee's involuntary separation from employment (whether or not such separation is temporary), resulting directly from a reduction in force, the discontinuance of a plant or operation, or other similar conditions, but only to the extent such benefits are includible in the employee's gross income.

**(B) Annuity**

For purposes of this subsection, the term "annuity" means any amount paid to an individual as a pension or annuity.

**(C) Sick pay**

For purposes of this subsection, the term "sick pay" means any amount which-

(i) is paid to an employee pursuant to a plan to which the employer is a party, and

(ii) constitutes remuneration or a payment in lieu of remuneration for any period during which the employee is temporarily absent from work on account of sickness or personal injuries.

**(3) Amount withheld from annuity payments or sick pay**

If a payee makes a request that an annuity or any sick pay be subject to withholding under this chapter, the amount to be deducted and withheld under this chapter from any payment to which such request applies shall be an amount (not less than a minimum amount determined under regulations prescribed by the Secretary) specified by the payee in such request. The amount deducted and withheld with respect to

a payment which is greater or less than a full payment shall bear the same relation to the specified amount as such payment bears to a full payment.

**(4) Request for withholding**

A request that an annuity or any sick pay be subject to withholding under this chapter-

(A) shall be made by the payee in writing to the person making the payments and shall contain the social security number of the payee,

(B) shall specify the amount to be deducted and withheld from each full payment, and

(C) shall take effect-

(i) in the case of sick pay, with respect to payments made more than 7 days after the date on which such request is furnished to the payor, or

(ii) in the case of an annuity, at such time (after the date on which such request is furnished to the payor) as the Secretary shall by regulations prescribe.

Such a request may be changed or terminated by furnishing to the person making the payments a written statement of change or termination which shall take effect in the same manner as provided in subparagraph (C). At the election of the payor, any such request (or statement of change or revocation) may take effect earlier than as provided in subparagraph (C).

**(5) Special rule for sick pay paid pursuant to certain collective-bargaining agreements**

In the case of any sick pay paid pursuant to a collective-bargaining agreement between employee representatives and one or more employers which contains a provision specifying that this paragraph is to apply to sick pay paid pursuant to such agreement and contains a provision for determining the amount to be deducted and withheld from each payment of such sick pay-

(A) the requirement of paragraph (1)(C) that a request for withholding be in effect shall not apply, and

(B) except as provided in subsection (n), the amounts to be deducted and withheld under this chapter shall be determined in accordance with such agreement.

The preceding sentence shall not apply with respect to sick pay paid pursuant to any agreement to any individual unless the social security number of such individual is furnished to the payor and the payor is furnished with such information as is necessary to determine whether the payment is pursuant to the agreement and to determine the amount to be deducted and withheld.

**(6) Coordination with withholding on designated distributions under section 3405**

This subsection shall not apply to any amount which is a designated distribution (within the meaning of section 3405(e)(1)).

**(p) Voluntary withholding agreements**

**(1) Certain Federal payments**

**(A) In general**

If, at the time a specified Federal payment is made to any person, a request by such person is in effect that such payment be subject to withholding under this chapter, then for purposes of this chapter and so much of subtitle F as relates to this chapter, such payment shall be treated as if it were a payment of wages by an employer to an employee.

**(B) Amount withheld**

The amount to be deducted and withheld under this chapter from any payment to which any request under subparagraph (A) applies shall be an amount equal to the percentage of such payment specified in such request. Such a request shall apply to any payment only if the percentage specified is 7 percent, any percentage applicable to any of the 3 lowest income brackets in the table under section 1(c),[1] or such other percentage as is permitted under regulations prescribed by the Secretary.

**(C) Specified Federal payments**

For purposes of this paragraph, the term "specified Federal payment" means-

(i) any payment of a social security benefit (as defined in section 86(d)),

(ii) any payment referred to in the second sentence of section 451(d)[1] which is treated as insurance proceeds,

(iii) any amount which is includible in gross income under section 77(a), and

(iv) any other payment made pursuant to Federal law which is specified by the Secretary for purposes of this paragraph.

**(D) Requests for withholding**

Rules similar to the rules that apply to annuities under subsection (o)(4) shall apply to requests under this paragraph and paragraph (2).

### (2) Voluntary withholding on unemployment benefits

If, at the time a payment of unemployment compensation (as defined in section 85(b)) is made to any person, a request by such person is in effect that such payment be subject to withholding under this chapter, then for purposes of this chapter and so much of subtitle F as relates to this chapter, such payment shall be treated as if it were a payment of wages by an employer to an employee. The amount to be deducted and withheld under this chapter from any payment to which any request under this paragraph applies shall be an amount equal to 10 percent of such payment.

### (3) Authority for other voluntary withholding

The Secretary is authorized by regulations to provide for withholding-

(A) from remuneration for services performed by an employee for the employee's employer which (without regard to this paragraph) does not constitute wages, and

(B) from any other type of payment with respect to which the Secretary finds that withholding would be appropriate under the provisions of this chapter,

if the employer and employee, or the person making and the person receiving such other type of payment, agree to such withholding. Such agreement shall be in such form and manner as the Secretary may by regulations prescribe. For purposes of this chapter (and so much of subtitle F as relates to this chapter), remuneration or other payments with respect to which such agreement is made shall be treated as if they were wages paid by an employer to an employee to the extent that such remuneration is paid or other payments are made during the period for which the agreement is in effect.

## (q) Extension of withholding to certain gambling winnings

### (1) General rule

Every person, including the Government of the United States, a State, or a political subdivision thereof, or any instrumentalities of the foregoing, making any payment of winnings which are subject to withholding shall deduct and withhold from such payment a tax in an amount equal to the product of the third lowest rate of tax applicable under section 1(c) [1] and such payment.

### (2) Exemption where tax otherwise withheld

In the case of any payment of winnings which are subject to withholding made to a nonresident alien individual or a foreign corporation, the tax imposed under paragraph (1) shall not apply to any such payment subject to tax under section 1441(a) (relating to withholding on nonresident aliens) or tax under section 1442(a) (relating to withholding on foreign corporations).

### (3) Winnings which are subject to withholding

For purposes of this subsection, the term "winnings which are subject to withholding" means proceeds from a wager determined in accordance with the following:

#### (A) In general

Except as provided in subparagraphs (B) and (C), proceeds of more than $5,000 from a wagering transaction, if the amount of such proceeds is at least 300 times as large as the amount wagered.

#### (B) State-conducted lotteries

Proceeds of more than $5,000 from a wager placed in a lottery conducted by an agency of a State acting under authority of State law, but only if such wager is placed with the State agency conducting such lottery, or with its authorized employees or agents.

#### (C) Sweepstakes, wagering pools, certain parimutuel pools, jai alai, and lotteries

Proceeds of more than $5,000 from-

(i) a wager placed in a sweepstakes, wagering pool, or lottery (other than a wager described in subparagraph (B)), or

(ii) a wagering transaction in a parimutuel pool with respect to horse races, dog races, or jai alai if the amount of such proceeds is at least 300 times as large as the amount wagered.

### (4) Rules for determining proceeds from a wager

For purposes of this subsection-

(A) proceeds from a wager shall be determined by reducing the amount received by the amount of the wager, and

(B) proceeds which are not money shall be taken into account at their fair market value.

**(5) Exemption for bingo, keno, and slot machines**

The tax imposed under paragraph (1) shall not apply to winnings from a slot machine, keno, and bingo.

**(6) Statement by recipient**

Every person who is to receive a payment of winnings which are subject to withholding shall furnish the person making such payment a statement, made under the penalties of perjury, containing the name, address, and taxpayer identification number of the person receiving the payment and of each person entitled to any portion of such payment.

**(7) Coordination with other sections**

For purposes of sections 3403 and 3404 and for purposes of so much of subtitle F (except section 7205) as relates to this chapter, payments to any person of winnings which are subject to withholding shall be treated as if they were wages paid by an employer to an employee.

**(r) Extension of withholding to certain taxable payments of Indian casino profits**

**(1) In general**

Every person, including an Indian tribe, making a payment to a member of an Indian tribe from the net revenues of any class II or class III gaming activity conducted or licensed by such tribe shall deduct and withhold from such payment a tax in an amount equal to such payment's proportionate share of the annualized tax.

**(2) Exception**

The tax imposed by paragraph (1) shall not apply to any payment to the extent that the payment, when annualized, does not exceed an amount equal to the sum of-

(A) the basic standard deduction (as defined in section 63(c)) for an individual to whom section 63(c) (2)(C) [1] applies, and

(B) the exemption amount (as defined in section 151(d)).

**(3) Annualized tax**

For purposes of paragraph (1), the term "annualized tax" means, with respect to any payment, the amount of tax which would be imposed by section 1(c) [1] (determined without regard to any rate of tax in excess of the fourth lowest rate of tax applicable under section 1(c) [1]) on an amount of taxable income equal to the excess of-

(A) the annualized amount of such payment, over

(B) the amount determined under paragraph (2).

**(4) Classes of gaming activities, etc.**

For purposes of this subsection, terms used in paragraph (1) which are defined in section 4 of the Indian Gaming Regulatory Act (25 U.S.C. 2701 et seq.), as in effect on the date of the enactment of this subsection, shall have the respective meanings given such terms by such section.

**(5) Annualization**

Payments shall be placed on an annualized basis under regulations prescribed by the Secretary.

**(6) Alternate withholding procedures**

At the election of an Indian tribe, the tax imposed by this subsection on any payment made by such tribe shall be determined in accordance with such tables or computational procedures as may be specified in regulations prescribed by the Secretary (in lieu of in accordance with paragraphs (2) and (3)).

**(7) Coordination with other sections**

For purposes of this chapter and so much of subtitle F as relates to this chapter, payments to any person which are subject to withholding under this subsection shall be treated as if they were wages paid by an employer to an employee.

**(s) Exemption from withholding for any vehicle fringe benefit**

**(1) Employer election not to withhold**

The employer may elect not to deduct and withhold any tax under this chapter with respect to any vehicle fringe benefit provided to any employee if such employee is notified by the employer of such election (at such time and in such manner as the Secretary shall by regulations prescribe). The preceding sentence shall not apply to any vehicle fringe benefit unless the amount of such benefit is included by the employer on a statement timely furnished under section 6051.

**(2) Employer must furnish W–2**

Any vehicle fringe benefit shall be treated as wages from which amounts are required to be deducted and withheld under this chapter for purposes of section 6051.

**(3) Vehicle fringe benefit**

For purposes of this subsection, the term "vehicle fringe benefit" means any fringe benefit—

(A) which constitutes wages (as defined in section 3401), and

(B) which consists of providing a highway motor vehicle for the use of the employee.

**(t) Rate of withholding for certain stock**

In the case of any qualified stock (as defined in section 83(i)(2)) with respect to which an election is made under section 83(i)—

(1) the rate of tax under subsection (a) shall not be less than the maximum rate of tax in effect under section 1, and

(2) such stock shall be treated for purposes of section 3501(b) in the same manner as a non-cash fringe benefit.

(Aug. 16, 1954, ch. 736, 68A Stat. 457 ; Aug. 9, 1955, ch. 666, §2, 69 Stat. 605 ; Pub. L. 87–256, §110(g)(2), Sept. 21, 1961, 75 Stat. 537 ; Pub. L. 88–272, title III, §302(a), (b), Feb. 26, 1964, 78 Stat. 140 ; Pub. L. 89–97, title III, §313(d)(3)–(5), July 30, 1965, 79 Stat. 384 ; Pub. L. 89–212, §2(c), Sept. 29, 1965, 79 Stat. 859 ; Pub. L. 89–368, title I, §101(a)–(e)(3), Mar. 15, 1966, 80 Stat. 38–61 ; Pub. L. 90–364, title I, §102(c), June 28, 1968, 82 Stat. 256 ; Pub. L. 91–36, §2(a), June 30, 1969, 83 Stat. 42 ; Pub. L. 91–53, §6(a), Aug. 7, 1969, 83 Stat. 96 ; Pub. L. 91–172, title VIII, §805(a)–(e), (f)(1), (g), Dec. 30, 1969, 83 Stat. 686 , 704–708; Pub. L. 92–178, title II, §208(a), (b)(1), (c)–(h)(1), Dec. 10, 1971, 85 Stat. 512–517 ; Pub. L. 94–12, title II, §§202(b), 205, Mar. 29, 1975, 89 Stat. 29 , 32; Pub. L. 94–164, §§2(b)(2), 5(a)(1), Dec. 23, 1975, 89 Stat. 971 , 975; Pub. L. 94–331, §3(a)(1), June 30, 1976, 90 Stat. 782 ; Pub. L. 94–396, §2(a)(1), Sept. 3, 1976, 90 Stat. 1201 ; Pub. L. 94–414, §3(a)(1), Sept. 17, 1976, 90 Stat. 1273 ; Pub. L. 94–455, title IV, §401(d), title V, §§502(b), 504(c)(3), title XII, §1207(d), title XIX, §§1903(a)(17), 1906(b)(13)(A), Oct. 4, 1976, 90 Stat. 1557 , 1559, 1566, 1705, 1810, 1834; Pub. L. 95–30, title I, §105, title IV, §405(a), May 23, 1977, 91 Stat. 140 , 156; Pub. L. 95–600, title I, §§101(e), 102(c), title VI, §601(b)(2), Nov. 6, 1978, 92 Stat. 2770 , 2771, 2896; Pub. L. 96–601, §4(a)–(d), Dec. 24, 1980, 94 Stat. 3496 , 3497; Pub. L. 97–34, title I, §101(e), Aug. 13, 1981, 95 Stat. 184 ; Pub. L. 97–248, title III, §§317(a), 334(d), Sept. 3, 1982, 96 Stat. 607 , 627; Pub. L. 98–67, title I, §104(d)(3), Aug. 5, 1983, 97 Stat. 380 ; Pub. L. 99–44, §3, May 24, 1985, 99 Stat. 77 ; Pub. L. 99–514, title I, §104(b)(15), title XIII, §§1301(j)(8), 1303(b)(4), title XV, §1581(b), Oct. 22, 1986, 100 Stat. 2106 , 2658, 2766; Pub. L. 100–203, title X, §10302(a), Dec. 22, 1987, 101 Stat. 1330–429 ; Pub. L. 100–647, title I, §1003(a)(2), Nov. 10, 1988, 102 Stat. 3382 ; Pub. L. 101–508, title XI, §11801(a)(41), Nov. 5, 1990, 104 Stat. 1388–521 ; Pub. L. 102–318, title V, §522(b)(2)(D), July 3, 1992, 106 Stat. 314 ; Pub. L. 102–486, title XIX, §§1934(a), 1942(a), Oct. 24, 1992, 106 Stat. 3031 , 3036; Pub. L. 103–465, title VII, §§701(a), 702(a), Dec. 8, 1994, 108 Stat. 4995 , 4996; Pub. L. 107–16, title I, §101(c)(6)–(9), June 7, 2001, 115 Stat. 43 , 44; Pub. L. 109–222, title V, §511(a), May 17, 2006, 120 Stat. 364 ; Pub. L. 112–56, title I, §102(a), Nov. 21, 2011, 125 Stat. 712 ; Pub. L. 115–97, title I, §§11011(b)(4), 11041(c)(1), (2)(B)–(E), 11051(b)(2)(B), 13603(b)(2), Dec. 22, 2017, 131 Stat. 2070 , 2082-2084, 2089, 2163.)

## REFERENCES IN TEXT

Paragraph (6) of section 3401(a), referred to in subsec. (f)(6), was struck out and a new paragraph (6) was added by Pub. L. 89–809, title I, §103(k), Nov. 13, 1966, 80 Stat. 1554 .

The date of the enactment of this subsection, referred to in subsec. (l)(1), is the date of enactment of Pub. L. 89–368, which was approved Mar. 15, 1966.

Section 1(c), referred to in subsecs. (p)(1)(B), (q)(1), and (r)(3), to be treated, for purposes of the rate of tax, as a reference to the corresponding rate bracket under section 1(j)(2)(C) of this title, with additional exception for reference in subsec. (q)(1), see section 1(j)(2)(F) of this title.

Section 451(d), referred to in subsec. (p)(1)(C)(ii), was redesignated section 451(f) by Pub. L. 115–97, title I, §13221(a), (b), Dec. 22, 2017, 131 Stat. 2113 , 2115.

Section 63(c)(2)(C), referred to in subsec. (r)(2)(A), was redesignated section 63(c)(2)(D), and a new section 63(c)(2)(C) was added, by Pub. L. 107–147, title IV, §411(e)(1)(C), (D), Mar. 9, 2002, 116 Stat. 46 .

Section 4 of the Indian Gaming Regulatory Act, referred to in subsec. (r)(4), is classified to section 2703 of Title 25, Indians.

The date of the enactment of this subsection, referred to in subsec. (r)(4), is the date of

enactment of Pub. L. 103–465, which was approved Dec. 8, 1994.

## AMENDMENTS

**2017**-Subsec. (a)(2). Pub. L. 115–97, §11041(c)(1), substituted "means the amount by which the wages exceed the taxpayer's withholding allowance, prorated to the payroll period." for "means the amount by which the wages exceed the number of withholding exemptions claimed multiplied by the amount of one such exemption. The amount of each withholding exemption shall be equal to the amount of one personal exemption provided in section 151(b), prorated to the payroll period. The maximum number of withholding exemptions permitted shall be calculated in accordance with regulations prescribed by the Secretary under this section, taking into account any reduction in withholding to which an employee is entitled under this section."

Subsec. (b)(1), (2). Pub. L. 115–97, §11041(c)(2)(C), substituted "allowance" for "exemption" in two places.

Subsec. (f). Pub. L. 115–97, §11041(c)(2)(D), substituted "allowance" for "exemptions" in heading.

Subsec. (f)(1), (2). Pub. L. 115–97, §11041(c)(2)(B), amended pars. (1) and (2) generally. Prior to amendment, pars. (1) and (2) related to allowed withholding exemptions and withholding exemption certificates, respectively.

Subsec. (f)(3) to (5). Pub. L. 115–97, §11041(c)(2)(C), substituted "allowance" for "exemption" wherever appearing.

Subsec. (f)(7). Pub. L. 115–97, §11041(c)(2)(C), which directed substitution of "allowance" for "exemption" in heading, was executed by substituting "Allowance" for "Exemption" to reflect the probable intent of Congress.

Pub. L. 115–97, §11041(c)(2)(C), substituted "allowance" for "exemption" in two places.

Subsec. (g). Pub. L. 115–97, §11041(c)(2)(C), which directed amendment of par. (4) of subsec. (g) by substituting "allowance" for "exemption" wherever appearing, was executed to concluding provisions of subsec. (g) in two places to reflect the probable intent of Congress.

Subsec. (l)(1), (2). Pub. L. 115–97, §11041(c)(2)(C), substituted "allowance" for "exemption" wherever appearing.

Subsec. (m). Pub. L. 115–97, §11041(c)(2)(E), substituted "an additional withholding allowance or additional reductions in withholding under this subsection. In determining the additional withholding allowance" for "additional withholding allowances or additional reductions in withholding under this subsection. In determining the number of additional withholding allowances".

Subsec. (m)(1). Pub. L. 115–97, §11051(b)(2)(B), struck out "(other than paragraph (10) thereof)" after "section 62(a)".

Pub. L. 115–97, §11011(b)(4), inserted "and the estimated deduction allowed under section 199A" after "chapter 1".

Subsec. (n). Pub. L. 115–97, §11041(c)(2)(C), substituted "allowance" for "exemption" in introductory provisions.

Subsec. (t). Pub. L. 115–97, §13603(b)(2), added subsec. (t).

**2011**-Subsec. (t). Pub. L. 112–56 struck out subsec. (t) which related to extension of 3 percent withholding to certain payments made by Government entities for property or services.

**2006**-Subsec. (t). Pub. L. 109–222 added subsec. (t).

**2001**-Subsec. (p)(1)(B). Pub. L. 107–16, §101(c)(6), substituted "7 percent, any percentage applicable to any of the 3 lowest income brackets in the table under section 1(c)," for "7, 15, 28, or 31 percent".

Subsec. (p)(2). Pub. L. 107–16, §101(c)(7), substituted "10 percent" for "15 percent".

Subsec. (q)(1). Pub. L. 107–16, §101(c)(8), substituted "equal to the product of the third lowest rate of tax applicable under section 1(c) and such payment" for "equal to 28 percent of such payment".

Subsec. (r)(3). Pub. L. 107–16, §101(c)(9), substituted "the fourth lowest rate of tax applicable under section 1(c)" for "31 percent" in introductory provisions.

**1994**-Subsec. (p). Pub. L. 103–465, §702(a), reenacted heading without change and

amended text of subsec. (p) generally. Prior to amendment, text read as follows: "The Secretary is authorized by regulations to provide for withholding-

"(1) from remuneration for services performed by an employee for his employer which (without regard to this subsection) does not constitute wages, and

"(2) from any other type of payment with respect to which the Secretary finds that withholding would be appropriate under the provisions of this chapter,

if the employer and the employee, or in the case of any other type of payment the person making and the person receiving the payment, agree to such withholding. Such agreement shall be made in such form and manner as the Secretary may by regulations provide. For purposes of this chapter (and so much of subtitle F as relates to this chapter) remuneration or other payments with respect to which such agreement is made shall be treated as if they were wages paid by an employer to an employee to the extent that such remuneration is paid or other payments are made during the period for which the agreement is in effect."

Subsec. (r). Pub. L. 103–465, §701(a), added subsec. (r).

**1992**-Subsec. (o)(6). Pub. L. 102–318 substituted "3405(e)(1)" for "3405(d)(1)".

Subsec. (q)(1). Pub. L. 102–486, §1934(a), substituted "28 percent" for "20 percent".

Subsec. (q)(3)(A), (C). Pub. L. 102–486, §1942(a), substituted "$5,000" for "$1,000".

**1990**-Subsec. (a)(3). Pub. L. 101–508 struck out par. (3) which read as follows: "Notwithstanding the provisions of this subsection, the Secretary shall modify the tables and procedures under paragraph (1) to reflect-

"(A) the amendments made by section 101(b) of the Economic Recovery Tax Act of 1981, and such modification shall take effect on October 1, 1981, as if such amendments made a 5-percent reduction effective on such date, and

"(B) the amendments made by section 101(a) of such Act, and such modifications shall take effect-

"(i) on July 1, 1982, as if the reductions in the rate of tax under section 1 (as amended by such section) were attributable to a 10-percent reduction effective on such date, and

"(ii) on July 1, 1983, as if such reductions were attributable to a 10-percent reduction effective on such date."

**1988**-Subsec. (m)(1). Pub. L. 100–647 substituted "section 62(a) (other than paragraph (10) thereof)" for "section 62) (other than paragraph (13) thereof)".

**1987**-Subsec. (f)(3)(B). Pub. L. 100–203 amended subpar. (B) generally. Prior to amendment, subpar. (B) read as follows: "A withholding exemption certificate furnished the employer in cases in which a previous such certificate is in effect shall take effect with respect to the first payment of wages made on or after the first status determination date which occurs at least 30 days from the date on which such certificate is so furnished, except that at the election of the employer such certificate may be made effective with respect to any payment of wages made on or after the date on which such certificate is so furnished; but a certificate furnished pursuant to paragraph (2)(C) shall not take effect, and may not be made effective, with respect to any payment of wages made in the calendar year in which the certificate is furnished. For purposes of this subparagraph the term 'status determination date' means January 1, May 1, July 1, and October 1 of each year."

**1986**-Subsec. (f)(1). Pub. L. 99–514, §104(b)(15)(F), substituted "standard deduction" for "zero bracket" and "subparagraph (E)" for "subparagraph (G)" in last sentence.

Subsec. (f)(1)(A). Pub. L. 99–514, §104(b)(15)(B), inserted "unless he is an individual described in section 151(d)(2)" after "himself".

Subsec. (f)(1)(B). Pub. L. 99–514, §104(b)(15)(A), redesignated subpar. (D) as (B) and struck out former subpar. (B) which read as follows: "one additional exemption for himself if, on the basis of facts existing at the beginning of such day, there may reasonably be expected to be allowable an exemption under section 151(c)(1) (relating to old age) for the taxable year under subtitle A in respect of which amounts deducted and withheld under this chapter in the calendar year in which such day falls are allowed as a credit;".

Pub. L. 99–514, §104(b)(15)(C), which directed that "subparagraph (A) or (D)" be substituted

for "subparagraph (A), (B), (C), or (F)" was executed by making the substitution for "subparagraph (A), (B), or (C)", as the probable intent of Congress.

Subsec. (f)(1)(C). Pub. L. 99–514, §104(b)(15)(A), (D), redesignated subpar. (E) as (C), substituted "section 151(c)" for "section 151(e)", and struck out former subpar. (C) which read as follows: "one additional exemption for himself if, on the basis of facts existing at the beginning of such day, there may reasonably be expected to be allowable an exemption under section 151(d)(1) (relating to the blind) for the taxable year under subtitle A in respect of which amounts deducted and withheld under this chapter in the calendar year in which such day falls are allowed as a credit;".

Subsec. (f)(1)(D). Pub. L. 99–514, §104(b)(15)(A), redesignated subpar. (F) as (D). Former subpar. (D) redesignated (B).

Subsec. (f)(1)(E). Pub. L. 99–514, §104(b)(15)(A), (E), redesignated subpar. (G) as (E) and substituted "standard deduction" for "zero bracket". Former subpar. (E) redesignated (C).

Pub. L. 99–514, §1301(j)(8), substituted "section 7703" for "section 143".

Subsec. (f)(1)(F), (G). Pub. L. 99–514, §104(b)(15)(A), redesignated subpars. (F) and (G) as (D) and (E), respectively.

Subsec. (i)(1). Pub. L. 99–514, §1581(b), struck out "or decreases" after "increases".

Subsec. (m)(3). Pub. L. 99–514, §104(b)(15)(G), inserted "(including the additional standard deduction under section 63(c)(3) for the aged and blind)".

Subsec. (r). Pub. L. 99–514, §1303(b)(4), struck out subsec. (r) which provided for extension of withholding to GSOC distributions.

**1985**-Subsec. (s). Pub. L. 99–44 added subsec. (s).

**1983**-Subsec. (s). Pub. L. 98–67 struck out subsec. (s) which related to extension of withholding to certain payments where identifying number was not furnished or was inaccurate. See section 3406 of this title.

**1982**-Subsec. (o)(6). Pub. L. 97–248, §334(d), added par. (6).

Subsec. (s). Pub. L. 97–248, §317(a), added subsec. (s).

**1981**-Subsec. (a). Pub. L. 97–34, §101(e)(1), revised subsec. (a) generally to provide for a 5-percent reduction in income tax withholding rates on Oct. 1, 1981, a further 10-percent reduction on July 1, 1982, and a final 10-percent reduction on July 1, 1983.

Subsec. (b)(1). Pub. L. 97–34, §101(e)(2)(A), redesignated par. (2) as (1). Former par. (1), which set out a table for determining amount of one withholding exemption for each of the various payroll periods, was struck out.

Subsec. (b)(2). Pub. L. 97–34, §101(e)(2)(A), redesignated par. (3) as (2). Former par. (2) redesignated (1).

Subsec. (b)(3). Pub. L. 97–34, §101(e)(2)(A), (B), redesignated par. (4) as (3) and substituted provisions relating to an employer's computation of the tax to be deducted and withheld as if the aggregate of the wages paid to the employee during the calendar week were paid for a weekly payroll period, for provisions relating to an employer's computation of the tax to be deducted and withheld using the excess of the aggregate of the wages paid to the employee during the calendar week over the withholding exemption allowed by this subsection for a weekly payroll period. Former par. (3) redesignated (2).

Subsec. (b)(4), (5). Pub. L. 97–34, §101(e)(2)(A), redesignated par. (5) as (4). Former par. (4) redesignated (3).

Subsec. (f)(1)(G). Pub. L. 97–34, §101(e)(3), inserted "(or more than one exemption if so prescribed by the Secretary)" after "an amount equal to one exemption".

Subsec. (i). Pub. L. 97–34, §101(e)(4), substituted provisions authorizing the Secretary by regulations to provide for increases or decreases in the amount of withholding otherwise required under this section in cases where the employee requests the changes, for provisions under which the Secretary was authorized to provide withholding in addition to that otherwise required under this section in cases in which the employer and the employee agreed to such additional withholding.

Subsec. (m). Pub. L. 97–34, §101(e)(5), revised provisions respecting additional withholding allowances for anticipated excess itemized deductions and tax credits claimed in accordance

with Treasury regulations and Treasury statutory authority to provide additional withholding allowances for any additional items specified in Treasury regulations.

**1980**-Subsec. (o)(1)(C). Pub. L. 96–601, §4(a), added subpar. (C).

Subsec. (o)(2)(B). Pub. L. 96–601, §4(d), struck out ", but only to the extent that the amount is includible in the gross income of such individual" after "pension or annuity".

Subsec. (o)(2)(C). Pub. L. 96–601, §4(c), added subpar. (C).

Subsec. (o)(3). Pub. L. 96–601, §4(b), substituted provision authorizing amount to be withheld from annuity payments or sick pay for provision relating to request for withholding. See subsec. (o)(4) of this section.

Subsec. (o)(4), (5). Pub. L. 96–601, §4(b), added pars. (4) and (5).

**1978**-Subsec. (a). Pub. L. 95–600, §101(e)(1), substituted "With respect to wages paid after December 31, 1978, the tables so prescribed shall be the same as the tables prescribed under this subsection which were in effect on January 1, 1975, except that such tables shall be modified to the extent necessary to reflect the amendments made by sections 101 and 102 of the Tax Reduction and Simplification Act of 1977 and the amendments made by section 101 of the Revenue Act of 1978." for "With respect to wages paid after May 31, 1977, and before January 1, 1979, the tables so prescribed shall be the same as the tables prescribed under this subsection which were in effect on January 1, 1976; except that such tables shall be modified to the extent necessary so that, had they been in effect for all of 1977, they would reflect the full year effect of the amendments made by sections 101 and 102 of the Tax Reduction and Simplification Act of 1977. With respect to wages paid after December 31, 1978, the tables so prescribed shall be the same as the tables prescribed under this subsection which were in effect on January 1, 1975, except that such tables shall be modified to the extent necessary to reflect the amendments made by sections 101 and 102 of the Tax Reduction and Simplification Act of 1977.".

Subsec. (b)(1). Pub. L. 95–600, §102(c)(1), increased the amounts set out in the table for one withholding exemption for each of the payroll period categories from $14.40, $28.80, $31.30, $62.50, $187.50, $375.00, $750.00 and $2.10 to $19.23, $38.46, $41.66, $83.33, $250.00, $500.00, $1,000.00 and $2.74, respectively.

Subsec. (m)(1). Pub. L. 95–600, §§101(e)(2), 102(c)(2), substituted "$1,000" for "$750", "$3,400" for "$3,200" and "$2,300" for "$2,200".

Subsec. (r). Pub. L. 95–600, §601(b)(2), added subsec. (r).

**1977**-Subsec. (a). Pub. L. 95–30, §105(a), substituted "With respect to wages paid after May 31, 1977, and before January 1, 1979, the tables so prescribed shall be the same as the tables prescribed under this subsection which were in effect on January 1, 1976; except that such tables shall be modified to the extent necessary so that, had they been in effect for all of 1977, they would reflect the full year effect of the amendments made by sections 101 and 102 of the Tax Reduction and Simplification Act of 1977. With respect to wages paid after December 31, 1978, the tables so prescribed shall be the same as the tables prescribed under this subsection which were in effect on January 1, 1975, except that such tables shall be modified to the extent necessary to reflect the amendments made by sections 101 and 102 of the Tax Reduction and Simplification Act of 1977" for "With respect to wages paid prior to January 1, 1978, the tables so prescribed shall be the same as the tables prescribed under this section which were in effect on January 1, 1976. With respect to wages paid after December 31, 1977, the Secretary shall prescribe new tables which shall be the same as the tables prescribed under this subsection which were in effect on January 1, 1975, except that such tables shall be modified to the extent necessary to reflect the amendments made to subsections (b) and (c) of section 141 by the Tax Reform Act of 1976".

Subsec. (f)(1). Pub. L. 95–30, §105(b)(1), substituted "zero bracket" for "standard deduction" in subpar. (G) and in provisions following subpar. (G).

Subsec. (m)(1)(B). Pub. L. 95–30, §105(b)(2), substituted "an amount equal to $3,200 ($2,200" for "an amount equal to the lesser of (i) 16 percent of his estimated wages, or (ii) $2,800 ($2,400".

Subsec. (m)(2)(A). Pub. L. 95–30, §105(b)(3)(A), (B), substituted "section 151" for "sections

141 and 151" and "(or the zero bracket amount (within the meaning of section 63(d)))" for "(or the amount of the standard deduction)".

Subsec. (m)(2)(C). Pub. L. 95–30, §105(b)(3)(C), substituted "(or the zero bracket amount)" for "(or the standard deduction)".

Subsec. (q)(3)(C). Pub. L. 95–30, §405(a), inserted reference to certain parimutuel pools and jai alai in heading and, in text, designated existing provisions as cl. (i) and added cl. (ii).

**1976**—Subsec. (a). Pub. L. 94–455, §§401(d)(1), 1906 (b)(13)(A), struck out "or his delegate" after "Secretary", inserted "With respect to wages paid prior to January 1, 1978" after "by the Secretary", as amended, and substituted "prescribed under this section which were" for "contained in this subsection as" after "same as the tables", "1976" for "1975" after "January 1", and "With respect to wages paid after December 31, 1977, the Secretary shall prescribe new tables which shall be the same as the tables prescribed under this subsection which were in effect on January 1, 1975, except that such tables shall be modified to the extent necessary to reflect the amendments made to subsections (b) and (c) of section 141 by the Tax Reform Act of 1976" for "except that the amounts set forth as amounts of income tax to be withheld with respect to wages paid after April 30, 1975, and before January 1, 1976, shall reflect the full calendar year effect for 1975 of the amendments made by sections 201, 202, 203, and 204 of the Tax Reduction Act of 1975" after "effect on January 1, 1976", as amended.

Pub. L. 94–414 substituted "October 1, 1976" for "September 15, 1976".

Pub. L. 94–396 substituted "September 15, 1976" for "September 1, 1976".

Pub. L. 94–331 substituted "September 1, 1976" for "July 1, 1976".

Subsec. (c)(4). Pub. L. 94–455, §1906(b)(13)(A), struck out "or his delegate" after "Secretary".

Subsec. (c)(6). Pub. L. 94–455, §§401(d)(2), 1906(b)(13)(A), substituted "the table for an annual payroll period prescribed pursuant to subsection (a)" for "table 7 contained in subsection (a)" after "basis of the", as subsec. (c)(6) was in effect on the day before the date of enactment of the Tax Reduction Act of 1975, Pub. L. 94–12, which was approved on Mar. 29, 1975, and struck out "or his delegate" after "Secretary".

Subsecs. (f), (h), (i), (j). Pub. L. 94–455, §1906(b)(13)(A), struck out "or his delegate" after "Secretary".

Subsec. (l). Pub. L. 94–455, §1903(a)(17), substituted "section 2(a)" for "section 2(b)" after "as defined in".

Subsec. (m)(1)(B). Pub. L. 94–455, §401(d)(3), reenacted subpar. (B) without change.

Subsec. (m)(2)(A). Pub. L. 94–455, §502(b), inserted "(other than paragraph (13) thereof)" after "under section 62".

Subsec. (m)(2)(D), (3)(B). Pub. L. 94–455, §1906(b)(13)(A), struck out "or his delegate" after "Secretary".

Subsec. (m)(4). Pub. L. 94–455, §504(c)(3), added subpar. (C). §1906(b)(13)(A) struck out "or his delegate" after "Secretary".

Subsecs. (n), (p). Pub. L. 94–455, §1906(b)(13)(A), struck out "or his delegate" after "Secretary" wherever appearing.

Subsec. (q). Pub. L. 94–455, §1207(d), added subsec. (q).

**1975**—Subsec. (a). Pub. L. 94–164, §5(a)(1), inserted provision that the tables prescribed with respect to wages paid after Dec. 31, 1975, and before July 1, 1976, shall be the same as the tables prescribed under this subsection which were in effect on Dec. 10, 1975.

Pub. L. 94–12, §205(a), substituted provisions directing the Secretary to prescribe new withholding tables setting changed withholding rates for wages paid during the period May 1, 1975, to Dec. 31, 1975, so as to reflect the full calendar year effect for 1975 of the amendments to the minimum standard deduction, the percentage standard deduction, the earned income credit, and the additional tax credit by sections 201, 202, 203, and 204 of the Tax Reduction Act of 1975, Pub. L. 94–12, for provisions setting out 8 tables to be followed by employers in withholding taxes on wages paid.

Subsec. (c)(6). Pub. L. 94–12, §205(b), substituted "the table for an annual payroll period prescribed pursuant to subsection (a)" for "table 7 contained in subsection (a)". See 1976 Amendment note set out above.

Subsec. (m)(1)(B). Pub. L. 94–164, §2(b)(2), substituted "$2,800" and "$2,400" for "$2,600" and "$2,300" respectively in cl. (ii).

Pub. L. 94–12, §202(b), substituted "the lesser of (i) 16 percent of his estimated wages, or (ii) $2,600 ($2,300 in the case of an individual who is not married (within the meaning of section 143) and who is not a surviving spouse (as defined in section 2(a)))" for "the lesser of (i) $2,000 or (ii) 15 percent of his estimated wages".

**1971**-Subsec. (a). Pub. L. 92–178, §208(a), substituted new sets of tables 1 to 8 applicable (under §208(i)(1)) with respect to wages paid after Jan. 15, 1972, for the tables applicable in the case of wages paid as provided in former: par. (1) after Dec. 31, 1969, and before July 1, 1970; par. (2) after June 30, 1970, and before Jan. 1, 1971; par. (3) after Dec. 31, 1970, and before Jan. 1, 1972; par. (4) after Dec. 31, 1971, and before Jan. 1, 1973; and par. (5) after Dec. 31, 1972. Pub. L. 92–178, §208(h)(1), made provisions of par. (3) applicable (under section 208(i)(2)) with respect to wages paid after Dec. 31, 1971, and before Jan. 16, 1972.

Subsec. (b)(1). Pub. L. 92–178, §208(b)(1), revised withholding rates upwards, substituting 14.40; 28.80; 31.30; 62.50; 187.50; 375.00; 750.00; and 2.10 for 12.50; 25.00 27.10; 54.20; 162.50; 325.00; 650.00; and 1.80, respectively, to be effective with respect to wages paid after Jan. 15, 1972. Pub. L. 92–178, §208(h)(2), in amending Pub. L. 91–172, §805(b)(1), extended application of such former withholding rates to wages paid after June 30, 1970, and before Jan. 16, 1972, previously applicable to wages paid before Jan. 1, 1972.

Subsec. (c)(6). Pub. L. 92–178, §208(g), substituted "table 7 contained in subsection (a)" for "table 7 contained in paragraph (1), (2), (3), (4), or (5) (whichever is applicable) of subsection (a)".

Subsec. (f)(1)(G). Pub. L. 92–178, §208(c), added subpar. (G).

Subsec. (f)(7). Pub. L. 92–178, §208(d), added par. (7).

Subsec. (m)(1)(B). Pub. L. 92–178, §208(e), substituted "an amount equal to the lesser of (i) $2,000 or (ii) 15 percent of his estimated wages" for "an amount equal to 15 percent of his estimated wages".

Subsec. (m)(2)(A). Pub. L. 92–178, §208(f)(1), inserted "or (if such a return has not been filed for such preceding taxable year at the time the withholding exemption certificate is furnished the employer) the second taxable year preceding the estimation year" after "for the taxable year preceding the estimation year".

Subsec. (m)(2)(D). Pub. L. 92–178, §208(f)(2), substituted as definition of "estimation year" the calendar year in which the wages are paid for prior provision defining term as meaning "(i) with respect to payments of wages after April 30 and on or before December 31 of any calendar year, such calendar year, and (ii) with respect to payments of wages on or after January 1 and before May 1 of any calendar year, the preceding calendar year (except that with respect to an exemption certificate furnished by an employee after he has filed his return for the preceding calendar year, such term means the current calendar year)."

Subsec. (m)(3)(B) to (E). Pub. L. 92–178, §208(f)(3), struck out subpars. (B) and (C) providing that only one certificate be in effect and for termination of effectiveness of certificate and redesignated subpars. (D) and (E) as (B) and (C), respectively.

**1969**-Subsec. (a)(1). Pub. L. 91–172, §805(a), (b)(2), substituted new sets of tables 1 to 8 for application to wages paid after Dec. 31, 1969, and before July 1, 1970, and after June 30, 1970, and before January 1, 1972, for the tables applicable to wages paid before July 13, 1968, and after Dec. 31, 1969.

Pub. L. 91–53, §6(a)(1), substituted "December 31, 1969" for "July 31, 1969".

Pub. L. 91–36, §2(a)(1), substituted "July 31, 1969" for "June 30, 1969".

Subsec. (a)(2). Pub. L. 91–172, §805(a), substituted a set of tables 1 to 8 for application to wages paid after June 30, 1970, and before Jan. 1, 1971, for the tables applicable to wages paid after June 30, 1970, and before Jan. 1, 1970.

Pub. L. 91–53, §6(a)(2), substituted "January 1, 1970" for "August 1, 1969".

Pub. L. 91–36, §2(a)(2), substituted "August 1, 1969" for "July 1, 1969".

Subsec. (a)(3) to (5). Pub. L. 91–172, §805(a), added sets of tables applicable, respectively, to wages paid after Dec. 31, 1970, and before Jan. 1, 1972, after Dec. 31, 1971, and before

Jan. 1, 1973, and after Dec. 31, 1972.

Subsec. (b)(1). Pub. L. 91–172, §805(b)(1)–(4), revised withholding rates effective with respect to wages paid after Dec. 31, 1969, and before July 1, 1970, for the period after June 30, 1970, and before Jan. 1, 1972, during 1972, and after 1972.

Subsec. (c)(1). Pub. L. 91–172, §805(c)(1), substituted provisions authorizing employer to deduct and withhold tax determinable according to tables prescribed by the Secretary or his delegate for provisions under which the employer was authorized to deduct and withhold tax only according to tables set out.

Subsec. (c)(6). Pub. L. 91–172, §805(c)(2), substituted provisions for determination of amount deductible according to tables prescribed by the Secretary or his delegate and for computation of wages and amounts of income tax after Dec. 31, 1969, for provisions for determination of such wages and amounts of income tax after July 13, 1968, and before Jan. 1, 1970.

Pub. L. 91–53, §6(a)(3), substituted "January 1, 1970" for "August 1, 1969".

Pub. L. 91–36, §2(a)(3), substituted "August 1, 1969" for "July 1, 1969".

Subsec. (h). Pub. L. 91–172, §805(d), redesignated existing pars. (1) to (3) as subpars. (A) to (C) of par. (1), and added pars. (2) to (4).

Subsec. (m)(1). Pub. L. 91–172, §805(e)(2), substituted $750 for $700 in the material preceding subpar. (A) and in subpar. (B) substituted 15 per cent for 10 per cent of the first $7,500 and 17 per cent of remainder of the estimated wages.

Subsec. (m)(2)(A). Pub. L. 91–172, §805(e)(2), inserted amount of standard deduction as an alternative limit in cl. (i), and substituted the determinable additional deductions for provisions referring to an employee who did not show such deductions on his return.

Subsec. (m)(2)(B). Pub. L. 91–172, §805(e)(2), struck out limit on aggregate amount.

Subsec. (m)(2)(C), (D). Pub. L. 91–172, §805(e)(1), (2), added subpar. (C). Former subpar. (C) redesignated (D)

Subsec. (n). Pub. L. 91–172, §805(f)(1), added subsec. (n).

Subsecs. (o), (p). Pub. L. 91–172, §805(g), added subsecs. (o) and (p).

**1968**-Subsec. (a). Pub. L. 90–364, §102(c)(1), designated existing Tables 1 to 8 as constituting par. (1), inserted provisions preceding existing Table 1–8 so as to limit their application to the case of wages paid on or before the 15th day after the date of the enactment of the Revenue and Expenditure Control Act of 1968 or after June 30, 1969, and added par. (2).

Subsec. (c)(6). Pub. L. 90–364, §102(c)(2), added par. (6).

**1966**-Subsec. (a). Pub. L. 89–368, §101(a), struck out reference to subsections (j) and (k) and substituted provisions establishing separate tables for single persons and for married persons in each of eight payroll period categories each containing six graduated withholding rates ranging from 14 to 30 percent for provisions placing the rate at a fixed 14 percent.

Subsec. (b)(1). Pub. L. 89–368, §101(b), increased amounts set out for one withholding exemption for each of the payroll period categories from "$13.00", "$26.00", "$28.00", "$56.00", "$167.00", "$333.00", "$667.00", and "$1.80" to "$13.50", "$26.90", "$29.20", "$58.30", "$175.00", "$350.00", "$700.00", and "$1.90" respectively.

Subsec. (c)(1). Pub. L. 89–368, §101(c), replaced existing tables with separate tables for employees who are married and for employees who are not married covering weekly, biweekly, semimonthly, monthly, and daily or miscellaneous pay periods and reflecting increased and graduated withholding rates.

Subsec. (f)(1)(F), (3)(B). Pub. L. 89–368, §101(e)(1), (3), added par. (1)(F) and, in par. (3)(B), changed definition of "status determination date" from January 1 and July 1 of each year to January 1, May 1, July 1, and October 1 of each year.

Subsec. (l). Pub. L. 89–368, §101(d), added subsec. (l).

Subsec. (m). Pub. L. 89–368, §101(e)(2), added subsec. (m).

**1965**-Subsec. (a). Pub. L. 89–97, §313(d)(3), substituted "subsections (j) and (k)" for "subsection (j)".

Subsec. (h)(3). Pub. L. 89–97, §313(d)(4), inserted "(and, in the case of tips referred to in subsection (k), within 30 days thereafter)" after "quarter" first place it appears.

Subsec. (k). Pub. L. 89–212 inserted "or section 3202 (c)(2)" and "or section 3202(a)".

Pub. L. 89–97, §313(d)(5), added subsec. (k).

**1964**—Subsec. (a). Pub. L. 88–272, §302(a), reduced tax from 18% to 14%.

Subsec. (c)(1). Pub. L. 88–272, §302(b), substituted new tables reflecting lowered withholding rates.

**1961**—Subsec. (f)(6). Pub. L. 87–256 added par. (6).

**1955**—Subsec. (a). Act Aug. 9, 1955, §2(a), inserted "(except as provided in subsection (j))" after "upon such wages".

Subsec. (j). Act Aug. 9, 1955, §2(b), added subsec. (j).

## EFFECTIVE DATE OF 2017 AMENDMENT

Amendment by section 11011(b)(4) of Pub. L. 115–97 applicable to taxable years beginning after Dec. 31, 2017, see section 11011(e) of Pub. L. 115–97, set out as a note under section 62 of this title.

Amendment by section 11041(c)(1), (2)(B)–(E) of Pub. L. 115–97 applicable to taxable years beginning after Dec. 31, 2017, with allowance for Secretary of the Treasury to administer this section for taxable years beginning before Jan. 1, 2019, without regard to the amendments made by subsecs. (a) and (c) of Pub. L. 115–97, see section 11041(f) of Pub. L. 115–97, set out as a note under section 151 of this title.

Amendment by section 11051(b)(2)(B) of Pub. L. 115–97 applicable to any divorce or separation instrument (as defined in former section 71(b)(2) of this title as in effect before Dec. 22, 2017) executed after Dec. 31, 2018, and to such instruments executed on or before Dec. 31, 2018, and modified after Dec. 31, 2018, if the modification expressly provides that the amendment made by section 11051 of Pub. L. 115–97 applies to such modification, see section 11051(c) of Pub. L. 115–97, set out as a note under section 61 of this title.

Amendment by section 13603(b)(2) of Pub. L. 115–97 applicable to stock attributable to options exercised, or restricted stock units settled, after Dec. 31, 2017, see section 13603(f)(1) of Pub. L. 115–97, set out as a note under section 83 of this title.

## EFFECTIVE DATE OF 2011 AMENDMENT

Pub. L. 112–56, title I, §102(b), Nov. 21, 2011, 125 Stat. 712 , provided that: "The amendment made by this section [amending this section] shall apply to payments made after December 31, 2011."

## EFFECTIVE DATE OF 2006 AMENDMENT

Pub. L. 109–222, title V, §511(b), May 17, 2006, 120 Stat. 365 , as amended by Pub. L. 111–5, div. B, title I, §1511, Feb. 17, 2009, 123 Stat. 355 , provided that: "The amendment made by this section [amending this section] shall apply to payments made after December 31, 2011."

## EFFECTIVE DATE OF 2001 AMENDMENT

Amendment by Pub. L. 107–16 applicable to amounts paid after the 60th day after June 7, 2001, and references to income brackets and rates of tax in such amendment to be applied without regard to section 1(i)(1)(D) of this title, see section 101(d)(2) of Pub. L. 107–16, set out as an Effective and Termination Dates of 2001 Amendment note under section 1 of this title.

## EFFECTIVE DATE OF 1994 AMENDMENT

Pub. L. 103–465, title VII, §701(b), Dec. 8, 1994, 108 Stat. 4996 , provided that: "The amendment made by this section [amending this section] shall apply to payments made after December 31, 1994."

Amendment by section 702(a) of Pub. L. 103–465 applicable to payments made after Dec. 31, 1996, see section 702(d) of Pub. L. 103–465, set out as a note under section 3304 of this title.

## EFFECTIVE DATE OF 1992 AMENDMENTS

Pub. L. 102–486, title XIX, §1934(b), Oct. 24, 1992, 106 Stat. 3032 , provided that: "The amendment made by this section [amending this section] applies to payments received after

December 31, 1992."

Pub. L. 102–486, title XIX, §1942(b), Oct. 24, 1992, 106 Stat. 3036 , provided that: "The amendments made by subsection (a) [amending this section] shall apply to payments of winnings after December 31, 1992."

Amendment by Pub. L. 102–318 applicable, except as otherwise provided, to distributions after Dec. 31, 1992, see section 522(d) of Pub. L. 102–318, set out as a note under section 401 of this title.

## EFFECTIVE DATE OF 1988 AMENDMENT

Amendment by Pub. L. 100–647 effective, except as otherwise provided, as if included in the provision of the Tax Reform Act of 1986, Pub. L. 99–514, to which such amendment relates, see section 1019(a) of Pub. L. 100–647, set out as a note under section 1 of this title.

## EFFECTIVE DATE OF 1987 AMENDMENT

Pub. L. 100–203, title X, §10302(b), Dec. 22, 1987, 101 Stat. 1330–429 , provided that: "The amendment made by subsection (a) [amending this section] shall apply to certificates furnished after the day 30 days after the date of the enactment of this Act [Dec. 22, 1987]."

## EFFECTIVE DATE OF 1986 AMENDMENT

Amendment by section 104(b)(15) of Pub. L. 99–514 applicable to taxable years beginning after Dec. 31, 1986, see section 151(a) of Pub. L. 99–514, set out as a note under section 1 of this title.

Amendment by section 1301(j)(8) of Pub. L. 99–514 applicable to bonds issued after Aug. 15, 1986, except as otherwise provided, see sections 1311 to 1318 of Pub. L. 99–514, set out as an Effective Date; Transitional Rules note under section 141 of this title.

Amendment by section 1303(b)(4) of Pub. L. 99–514 effective Oct. 22, 1986, see section 1311(f) of Pub. L. 99–514, as amended, set out as an Effective Date; Transitional Rules note under section 141 of this title.

## EFFECTIVE DATE OF 1985 AMENDMENT

Pub. L. 99–44, §6(d), May 24, 1985, 99 Stat. 79 , provided that: "The amendment made by section 3 [amending this section] shall take effect on January 1, 1985."

## EFFECTIVE DATE OF 1983 AMENDMENT

Amendment by Pub. L. 98–67 applicable with respect to payments made after Dec. 31, 1983, see section 110(a) of Pub. L. 98–67, set out as a note under section 31 of this title.

## EFFECTIVE DATE OF 1982 AMENDMENT

Pub. L. 97–248, title III, §317(b), Sept. 3, 1982, 96 Stat. 610 , provided that: "The amendments made by subsection (a) [amending this section] shall apply to payments made after December 31, 1983."

Amendment by section 334(d) of Pub. L. 97–248 applicable to payments or other distributions made after Dec. 31, 1982, see section 334(e) of Pub. L. 97–248, set out as an Effective Date note under section 3405 of this title.

## EFFECTIVE DATE OF 1981 AMENDMENT

Pub. L. 97–34, title I, §101(f)(2), Aug. 13, 1981, 95 Stat. 185 , provided that: "The amendments made by subsection (e) [amending this section] shall apply to remuneration paid after September 30, 1981; except that the amendment made by subsection (e)(5) [amending this section] shall apply to remuneration paid after December 31, 1981."

## EFFECTIVE DATE OF 1980 AMENDMENT

Pub. L. 96–601, §4(f), Dec. 24, 1980, 94 Stat. 3498 , provided that: "The amendments made by this section [amending this section and section 6051 of this title] shall apply to payments made

on or after the first day of the first calendar month beginning more than 120 days after the date of the enactment of this Act [Dec. 24, 1980]."

### EFFECTIVE DATE OF 1978 AMENDMENT

Pub. L. 95–600, title I, §101(f)(2), Nov. 6, 1978, 92 Stat. 2771 , provided that: "The amendments made by subsection (e) [amending this section] shall apply to remuneration paid after December 31, 1978."

Pub. L. 95–600, title I, §102(d)(2), Nov. 6, 1978, 92 Stat. 2771 , provided that: "The amendments made by subsection (c) [amending this section] shall apply with respect to remuneration paid after December 31, 1978."

Amendment by section 601(b)(2) of Pub. L. 95–600 applicable with respect to corporations chartered after Dec. 31, 1978, and before Jan. 1, 1984, see section 601(d) of Pub. L. 95–600, set out as a note under section 172 of this title.

### EFFECTIVE DATE OF 1977 AMENDMENT

Pub. L. 95–30, title I, §106(b), May 23, 1977, 91 Stat. 141 , provided that: "The amendments made by section 105 [amending this section] shall apply to wages paid after April 30, 1977."

Pub. L. 95–30, title IV, §405(b), May 23, 1977, 91 Stat. 156 , provided that: "The amendments made by this section [amending this section] apply to payments made after April 30, 1977."

### EFFECTIVE DATE OF 1976 AMENDMENT

Amendment by section 401(d) of Pub. L. 94–455 applicable to wages paid after Sept. 14, 1976, see section 401(e) of Pub. L. 94–455, set out as a note under section 32 of this title.

Pub. L. 94–455, title XII, §1207(f)(3), Oct. 4, 1976, 90 Stat. 1708 , provided that: "The amendments made by subsection (d) [amending this section] shall apply to payments of winnings made after the 90th day after the date of the enactment of this Act [Oct. 4, 1976]."

### EFFECTIVE AND TERMINATION DATES OF 1975 AMENDMENTS

Amendment by section 2(b)(2) of Pub. L. 94–164 applicable to taxable years ending after Dec. 31, 1975 and before Jan. 1, 1977, see section 2(g) of Pub. L. 94–164, set out as an Effective Date of 1975 Amendment note under section 32 of this title.

Pub. L. 94–12, title II, §209(c), Mar. 29, 1975, 89 Stat. 35 , as amended by Pub. L. 94–164, §5(a)(2); Pub. L. 94–331, §3(a)(2); Pub. L. 94–396, §2(b); Pub. L. 94–414, §3(a)(2), provided that: "The amendments made by sections 202(b) and 205 [amending this section] shall apply to wages paid after April 30, 1975, and before October 1, 1976."

### EFFECTIVE DATE OF 1971 AMENDMENT

Pub. L. 92–178, title II, §208(i), Dec. 10, 1971, 85 Stat. 517 , provided that:

"(1) The amendments made by this section [amending this section] (other than subsection (h)) shall apply with respect to wages paid after January 15, 1972.

"(2) The amendments made by subsection (h) [amending this section] shall apply with respect to wages paid after December 31, 1971, and before January 16, 1972."

### EFFECTIVE DATE OF 1969 AMENDMENTS

Pub. L. 91–172, title VIII, §805(h), Dec. 30, 1969, 83 Stat. 709 , as amended by Pub. L. 99–514, §2, Oct. 22, 1986, 100 Stat. 2095 , provided that:

"(1) The amendments made by subsections (a), (b), (c), (d), and (e) [amending this section] shall apply with respect to remuneration paid after December 31, 1969.

"(2) The amendment made by subsection (f) [amending this section and section 6051 of this title] applies to wages paid after April 30, 1970.

"(3) Subsection (o) of section 3402 of the Internal Revenue Code of 1986 [formerly I.R.C. 1954], added by subsection (g) of this subsection, shall apply to payments made after December 31, 1970. Subsection (p) of such section 3402, added by subsection (g) of this section, shall apply to payments made after June 30, 1970."

Pub. L. 91–53, §6(b), Aug. 7, 1969, 83 Stat. 96 , provided that: "The amendments made by this section [amending this section] shall apply with respect to wages paid after July 31, 1969, and before January 1, 1970."

Pub. L. 91–36, §2(b), June 30, 1969, 83 Stat. 42 , provided that: "The amendments made by subsection (a) [amending this section] shall apply with respect to wages paid after June 30, 1969."

### EFFECTIVE DATE OF 1966 AMENDMENT

Pub. L. 89–368, title I, §101(e)(6), Mar. 15, 1966, 80 Stat. 62 , provided that: "The amendments made by paragraphs (1) and (2) of this subsection [amending this section] shall apply only with respect to remuneration paid after December 31, 1966, but only with respect to withholding exemptions based on estimation years beginning after such date."

Pub. L. 89–368, title I, §101(g), Mar. 15, 1966, 80 Stat. 62 , provided that: "The amendments made by this section (other than subsection (e) [amending this section]) shall apply only with respect to remuneration paid after April 30, 1966."

### EFFECTIVE DATE OF 1965 AMENDMENTS

Amendment by Pub. L. 89–212 effective only with respect to tips received after 1965, see section 6 of Pub. L. 89–212, set out as a note under section 3201 of this title.

Amendment by Pub. L. 89–97 applicable only with respect to tips received by employees after 1965, see section 313(f) of Pub. L. 89–97, set out as an Effective Date note under section 6053 of this title.

### EFFECTIVE DATE OF 1964 AMENDMENT

Pub. L. 88–272, title III, §302(d), Feb. 26, 1964, 78 Stat. 146 , provided that: "The amendments made by subsections (a) and (b) of this section [amending this section] shall apply with respect to remuneration paid after the seventh day following the date of the enactment of this Act [Feb. 26, 1964]. The amendment made by subsection (c) of this section [amending section 1441 of this title] shall apply with respect to payments made after the seventh day following the date of the enactment of this Act."

### EFFECTIVE DATE OF 1961 AMENDMENT

Amendment by Pub. L. 87–256 applicable with respect to wages paid after Dec. 31, 1961, see section 110(h)(4) of Pub. L. 87–256, set out as a note under section 3401 of this title.

### EFFECTIVE DATE OF 1955 AMENDMENT

Act Aug. 9, 1955, ch. 666, §3, 69 Stat. 605 , provided that: "The amendment made by section 2 [amending this section] shall be applicable only with respect to remuneration paid after the date of enactment of this Act [Aug. 9, 1955]."

### SAVINGS PROVISION

For provisions that nothing in amendment by Pub. L. 101–508 be construed to affect treatment of certain transactions occurring, property acquired, or items of income, loss, deduction, or credit taken into account prior to Nov. 5, 1990, for purposes of determining liability for tax for periods ending after Nov. 5, 1990, see section 11821(b) of Pub. L. 101–508, set out as a note under section 45K of this title.

### PLAN AMENDMENTS NOT REQUIRED UNTIL JANUARY 1, 1994

For provisions directing that if any amendments made by subtitle B [§§521–523] of title V of Pub. L. 102–318 require an amendment to any plan, such plan amendment shall not be required to be made before the first plan year beginning on or after Jan. 1, 1994, see section 523 of Pub. L. 102–318, set out as a note under section 401 of this title.

### WITHHOLDING ALLOWANCES TO REFLECT NEW RATE SCHEDULES

Pub. L. 99–514, title XV, §1581(a), Oct. 22, 1986, 100 Stat. 2765 , provided that: "The Secretary of the Treasury or his delegate shall modify the withholding schedules and withholding exemption certificates under section 3402 of the Internal Revenue Code of 1954 [now 1986] to better approximate actual tax liability under the amendments made by this Act [see Tables for classification]."

### EMPLOYER'S RESPONSIBILITY UPON FAILURE OF EMPLOYEE TO FILE REVISED WITHHOLDING ALLOWANCE CERTIFICATE BEFORE OCT. 1, 1987

Pub. L. 99–514, title XV, §1581(c), Oct. 22, 1986, 100 Stat. 2766 , as amended by Pub. L. 100–647, title I, §1015(p), Nov. 10, 1988, 102 Stat. 3572 , provided that: "If an employee has not filed a revised withholding allowance certificate before October 1, 1987, the employer shall withhold income taxes from the employee's wages-

"(1) as if the employee claimed 1 withholding allowance, if the employee checked the 'single' box on the employee's previous withholding allowance certificate, or

"(2) as if the employee claimed 2 withholding allowances, if the employee checked the 'married' box on the employee's previous withholding allowance certificate.

The preceding sentence shall not apply if its application would result in an increase in the number of withholding allowances for the employee."

### FAILURE TO DEDUCT AND WITHHOLD UNDER A DUTY CREATED OR INCREASED BY TAX REFORM ACT OF 1976

Pub. L. 95–30, title III, §304, May 23, 1977, 91 Stat. 152 , as amended by Pub. L. 99–514, §2, Oct. 22, 1986, 100 Stat. 2095 , provided that: "No person shall be liable in respect of any failure to deduct and withhold under section 3402 of the Internal Revenue Code of 1986 [formerly I.R.C. 1954] (relating to income tax collected at source) on remuneration paid before January 1, 1977, to the extent that the duty to deduct and withhold was created or increased by any provision of the Tax Reform Act of 1976 [Pub. L. 94–455]."

### WAGES PAID DURING 1972 AND AFTER 1972

Pub. L. 91–172, title VIII, §805(b)(3), (4), Dec. 30, 1969, 83 Stat. 704 , which provided for section 3402(b)(1) withholding rates of 13.50; 26.90; 29.20; 58.30; 175.00; 350.00; 700.00; and 1.90, effective with respect to wages during 1972, and withholding rates of 14.40; 28.80; 31.30; 62.50; 187.50; 375.00; 750.00; and 2.10, effective with respect to wages paid after 1972, was repealed by Pub. L. 92–178, title II, §208(b)(2), Dec. 10, 1971, 85 Stat. 516 .

### TRANSITIONAL DETERMINATION STATUS DATE

Pub. L. 89–368, title I, §101(f), Mar. 15, 1966, 80 Stat. 62 , as amended by Pub. L. 99–514, §2, Oct. 22, 1986, 100 Stat. 2095 , provided that: "Notwithstanding section 3402(f)(3)(B) of the Internal Revenue Code of 1986 [formerly I.R.C. 1954], a withholding exemption certificate furnished the employer after the date of the enactment of this Act [Mar. 15, 1966] and before May 1, 1966, shall take effect with respect to the first payment of wages made on or after May 1, 1966, or the 10th day after the date on which such certificate is furnished to the employer, whichever is later, and at the election of the employer such certificate may be made effective with respect to any payment of wages made on or after the date on which such certificate is furnished."

### MEANING OF TERMS

Act Aug. 9, 1955, ch. 666, §1, 69 Stat. 605 , provided that: "The terms used in this Act [amending subsecs. (a) and (j) of this section] shall have the same meaning as when used in the Internal Revenue Code."

[1] *See References in Text note below.*

---

**26 USC 3403: Liability for tax**
Text contains those laws in effect on August 11, 2019

**From Title 26-INTERNAL REVENUE CODE**
    Subtitle C-Employment Taxes
    CHAPTER 24-COLLECTION OF INCOME TAX AT SOURCE ON WAGES
**Jump To:**
    **Source Credit**
    **Amendments**

---

## §3403. Liability for tax

The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment.

(Aug. 16, 1954, ch. 736, 68A Stat. 469 ; Pub. L. 97–248, title III, §§307(a)(2), 308(a), Sept. 3, 1982, 96 Stat. 589 , 591; Pub. L. 98–67, title I, §102(a), Aug. 5, 1983, 97 Stat. 369 .)

### AMENDMENTS

**1983**-Pub. L. 98–67 repealed amendments made by Pub. L. 97–248. See 1982 Amendment note below.

**1982**-Pub. L. 97–248 provided that, applicable to payments of interest, dividends, and patronage dividends paid or credited after June 30, 1983, this section is amended by striking out "this chapter" and inserting in lieu thereof "this subchapter". Section 102(a), (b) of Pub. L. 98–67, title I, Aug. 5, 1983, 97 Stat. 369 , repealed subtitle A (§§301–308) of title III of Pub. L. 97–248 as of the close of June 30, 1983, and provided that the Internal Revenue Code of 1954 [now 1986] [this title] shall be applied and administered (subject to certain exceptions) as if such subtitle A (and the amendments made by such subtitle A) had not been enacted.

JS 44 (Rev. 02/19)                                    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

JOSEPH ANTHONY SIKORA

**DEFENDANTS**

FORD MOTOR COMPANY

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
        Plaintiff

☒ 3   Federal Question
        *(U.S. Government Not a Party)*

☐ 2   U.S. Government
        Defendant

☐ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                         *and One Box for Defendant)*

|                                | PTF | DEF |                                                          | PTF | DEF |
|--------------------------------|-----|-----|----------------------------------------------------------|-----|-----|
| Citizen of This State          | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State       | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                                  | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|--|--------------------|------------|----------------|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original
   Proceeding

☐ 2 Removed from
   State Court

☐ 3 Remanded from
   Appellate Court

☐ 4 Reinstated or
   Reopened

☐ 5 Transferred from
   Another District
   *(specify)*

☐ 6 Multidistrict
   Litigation -
   Transfer

☐ 8 Multidistrict
   Litigation -
   Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
U.S. CONSTITUTION 4TH AMENDMENT, 18 U.SC. CHAPTER 63 SECTION 1341   REISMAN V. CAPLN, 375 U.S. 440 (1964)
Brief description of cause:
DEF. MODIFIED/CHANGED PLAINTIFFS WITHOUT PERMISSION FROM PTF OR A SIGNED COURT ORDER

**VII. REQUESTED IN
COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $ 1.5 million

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

**VIII. RELATED CASE(S)
IF ANY**          *(See instructions):*          JUDGE _____          DOCKET NUMBER _____

DATE   AUGUST 21, 2019

SIGNATURE OF ATTORNEY OF RECORD   Joseph W Sikora   PRO SE

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?     ☐ Yes
          ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.        Other than stated above, are there any pending or previously  ☐ Yes
          discontinued or dismissed companion cases in this or any other  ☒ No
          court, including state court? (Companion cases are matters in which
          it appears substantially similar evidence will be offered or the same
          or related parties are present and the cases arise out of the same
          transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :