UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joseph Anthony Sikora,

        Plaintiff,      Case No. 19-cv-12458

v.                              Judith E. Levy
                               United States District Judge
Ford Motor Company,

                               Mag. Judge Elizabeth A. Stafford
        Defendant.

_____/

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION [1]

On August 21, 2019, plaintiff Joseph Sikora initiated this lawsuit against defendant Ford Motor Company. Plaintiff paid the filing fee of $400. Plaintiff alleges that defendant, his employer, changed his W4 tax withholdings "without permission from the Plaintiff or a signed court order from a judge of competent jurisdiction." (ECF No. 1, PageID.5.) Plaintiff seeks injunctive relief requiring defendant to reverse the changes to his W4 withholdings and return all wrongfully withheld funds. (*Id.* at PageID.5.) Plaintiff also seeks punitive damages of $1.5 million. (*Id.* at PageID.5.) Plaintiff cites as his causes of action the Fourth

Amendment of the United States Constitution, a criminal mail fraud statute (18 U.S.C. § 1341), and the Supreme Court Case *Reisman v. Caplin*, 375 U.S. 440 (1964), which addressed the proper remedy for an improper summons issued by the Internal Revenue Commissioner. (ECF No. 1, PageID.3.)

Without ruling on the merits of plaintiff's claim, this Court dismisses the present action for lack of subject matter jurisdiction. With statutory exceptions not relevant here, the Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). The statutory language "could scarcely be more explicit." *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974). Where it applies, the Anti-Injunction Act serves as a jurisdictional bar. *See id.* at 749; *Torp v. United States,* No. 18-2114, 2019 U.S. App. LEXIS 20032, at \*4 (6th Cir. July 3, 2019) (citing *Ecclesiastical Order of the ISM of AM v. IRS*, 725 F.3d 398, 402 (6th Cir. 1984)); *Gardner v. United States*, 211 F.3d 1305, 1311 (D.C. Cir. 2000) (noting that a district court "must dismiss for lack of subject matter jurisdiction any suit [relating to the

collection of taxes] that does not fall within one of the exceptions to the Anti-Injunction Act.").

Plaintiff seeks to restrain the collection of federal income taxes through withholding. As such, the Anti-Injunction Act applies here, and the Court must dismiss plaintiff's complaint for lack of subject matter jurisdiction.[1]

Though the Court limits its holding to the jurisdictional issue, it notes that plaintiff's claim is also barred by statute. Section 3403 of the Internal Revenue Code provides, regarding withholdings, "the employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment." 26 U.S.C. § 3403. Courts have consistently held that this section prohibits suits by employees against their employers with respect to federal tax withholdings. *See Bright v. Bechtel*

---

[1] In addition to the statutory exceptions, the Supreme Court has recognized a narrow exception to the applicability of the Anti-Injunction Act where, in a case against the United States, "under no circumstances could the Government prevail" and "equity jurisdiction otherwise exists." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 5 (1962). Plaintiff's case does not qualify for the exception to the Act recognized in *Enochs*, as plaintiff brings this action against plaintiff's employer, not the government.

3

*Petroleum*, 780 F.2d 766, 770 (9th Cir. 1986); *Giles v. Volvo Trucks*, 551 F. Supp. 2d 359, 363 (M.D. Pa. 2008) (citing cases).

For the reasons set forth above, the Court dismisses plaintiff's complaint with prejudice.

Additionally, the Court orders that the Clerk of the Court shall refund Plaintiff's filing fee of $400 (Receipt No. DET124877), by issuance of a check payable to Joseph Anthony Sikora at 19615 Bethel Church Road, Manchester, MI 48158.

IT IS SO ORDERED.

Dated: August 26, 2019  
Ann Arbor, Michigan

JUDITH E. LEVY  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 26, 2019.

s/Shawna Burns  
SHAWNA BURNS  
Case Manager